## In re ORONA MFG. CO.

(District Court, D. Massachusetts.   January 4, 1921.)

No. 26533.

Bankruptcy ⊖—361—Trustee cannot raise objection that unclaimed dividends escheated to state.

A trustee in bankruptcy cannot oppose an order directing him to pay unclaimed dividends into court for distribution among the other creditors, if still unclaimed and if sufficient for such purpose, as is required by Bankruptcy Act, § 66a (Comp. St. § 9650), on the ground that that section is unconstitutional, because money paid into court and remaining unclaimed is required by the Revised Statutes to be paid to the United States, instead of escheating to the state, as it should, since the provision of the Bankruptcy Act is merely a reasonable method of disposing of unclaimed dividends to permit the final settlement of estate, and if the commonwealth desires to claim such funds it should do so in its own name.

In Bankruptcy. In the matter of the Orona Manufacturing Company, bankrupt. Petition by the trustee for review of an order by the referee directing him to pay into court dividends unclaimed by creditors. Order affirmed.

William M. Prest, of Boston, Mass., for trustee in bankruptcy.

MORTON, District Judge. Checks for two dividends, amounting, respectively, to $96.54 and $97.12, were mailed by the trustee to the last known addresses of the creditors. The checks were returned by the post office with the statement that the addressees could not be located. The trustee, not being able to discover their whereabouts, retained the checks. After waiting more than six months, he petitioned for instructions, and was ordered by the referee to pay the money into court, under Bankruptcy Act, § 66a (Comp. St. § 9650). From this order the present review was taken.

The section in question provides that dividends which remain unclaimed for six months after the final dividend has been declared shall be paid by the trustee into court, and that dividends which have remained unclaimed for one year shall, under the direction of the court, be distributed to the creditors whose claims have been allowed, but not paid in full. There are further provisions which are immaterial for the present case.

The trustee admits that the case comes within the statute; but he contends that the statute is unconstitutional, because moneys deposited

in court which remain unclaimed for a certain period are, under the provisions of the Revised Statutes, paid over to the United States. According to his contention, such funds belong to the state as property which has escheated.

The dividends in question are not being dealt with in a final way. The referee has merely ordered that they be paid into court, where they can still be claimed by the creditors entitled to them, and, if not claimed, will, according to the usual practice, be eventually divided among other creditors of the estate, unless too small in amount to justify the expense and trouble of so doing. This method of disposing of such funds seems to me reasonable, and to be unobjectionable on constitutional grounds. It serves a very useful purpose in enabling trustees to close out estates completely and finally, and concentrates unclaimed funds in the hands of the court, instead of scattering them among many trustees. The power to direct the disposition of small residues in bankruptcy cases is incident to the general power over bankruptcy conferred upon Congress by the Constitution. If the Commonwealth of Massachusetts desires to claim such funds, it should do so in its own name, and in connection with the proceeding to turn them over to the Treasurer of the United States.

Order of referee affirmed.