## In re GUBELMAN.

### KAYENKAY CORPORATION v. BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N.

### No. 70.

Circuit Court of Appeals, Second Circuit.
Nov. 12, 1935.

SWAN, Circuit Judge, dissenting.

Sullivan & Cromwell, of New York City (E. H. Sykes, of New York City, and John F. Dooling, Jr., of Brooklyn, N. Y., of counsel), for appellants.

Rosenberg, Goldmark & Colin, of New York City (Norman A. Adler and Ralph F. Colin, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

This appeal involves the meaning and application of section 66 of the Bankruptcy Act (11 USCA § 106), which is printed in the margin.[1] Pursuant to paragraph a thereof (11 USCA § 106 (a), the trustee in bankruptcy paid to the clerk of the District Court, on February 20, 1933, a sum of money representing dividends which had remained unclaimed for more than six months after the final dividend had been declared. Thereafter the trustee was discharged. Among the unclaimed dividends turned over to the clerk of the court were certain dividends, aggregating about $4,600, payable to the appellants. Checks for such dividends had been issued and presumably had been mailed to them or their attorneys, but there was no record that the checks had been received, and, whatever the cause, they had not been presented for payment. On April 30, 1934, acting under section 66b (11 USCA § 106 (b), the

[1] 11 USCA § 106. *Unclaimed dividends.* (a) Dividends which remain unclaimed for six months after the final dividend has been declared shall be paid by the trustee into court.

(b) Dividends remaining unclaimed for one year shall, under the direction of the court, be distributed to the creditors whose claims have been allowed but not paid in full, and after such claims have been paid in full the balance shall be paid to the bankrupt. In case unclaimed dividends belong to. minors such minors may have one year after arriving at majority to claim such dividends.

District Court ordered the clerk of the court to pay over to Kayenkay Corporation, the appellee, such dividends as still remained unclaimed. This was done on the following day, and the money is still held by the appellee. The order directed that the sum so paid to Kayenkay Corporation was "to be treated by it in the same manner as the other remaining assets of the bankrupts heretofore assigned to it by the trustee in bankruptcy." In explanation of this direction it should be stated that in 1932, almost nine years after the filing of the petition in bankruptcy, there still remained unliquidated assets. Kayenkay Corporation was created for the purpose of taking them over and collecting them for the benefit of all creditors whose claims had been allowed. It had a nominal capital stock and was managed by three directors who were nominated by three groups of the bankrupts' creditors. Pursuant to vote at the final meeting of creditors and in accordance with an order of the referee, the trustee had assigned to this corporation the remaining assets in consideration of its agreement to use its best efforts to liquidate them, and to distribute the net proceeds at any time, or from time to time, in its discretion, among the creditors in proportion to the amount of their claims as allowed. The order of April 30, 1934, was entered upon the petition of Kayenkay Corporation of which notice was given only to the United States attorney for the Southern district of New York. Shortly after its entry, the appellants moved to vacate it in so far as it affected their unclaimed dividends. From a denial of this motion, they took an appeal as of right, under section 24a, as amended by Act May 27, 1926, § 9 (11 USCA § 47 (a), and also by leave of this court, under section 24b, as amended by Act May 27, 1926, § 9 (11 USCA § 47 (b).

 Section 66b (11 USCA § 106 (b) does not declare on whose motion dividends are to be distributed, and in many cases the trustee will have been discharged. Perhaps the court can distribute sua sponte; perhaps a single creditor may move for itself and for all others; but, since distribution will ordinarily involve substantial clerical work, practically it is not likely that any one will get his share who does not move. In any event, it is the court which must do the distributing, and to the creditors, not to a trustee. We agree that, after the creditors have their shares, it is too late to open the matter; the dilatory creditor who has not collected his dividend has then finally lost it; it would be intolerable that he should reclaim from each of his more diligent fellows. Section 66b is not, however, a statute of limitation, as the District Judge supposed; it is not lapse of time, but distribution, which tolls creditors' rights to unclaimed dividends. The only question therefore is whether the payment to the Kayenkay Company under the order of April 30, 1934, was a distribution, and the very terms of the order forbid its being so considered. It provided that "said sum * * * be treated by it in the same manner as the other remaining assets of the bankrupts heretofore assigned to it by the Trustee in Bankruptcy." That language incorporated the terms of the trustee's grant, of which we only know what is contained in the offer of the Kayenkay Company on which it obtained the property from the trustee. It was "to liquidate" the property conveyed "as promptly and efficiently as possible and to *distribute* the net proceeds of the liquidation at any time, or from time to time, in its discretion among such persons as have allowed claims" against the bankrupts "and in proportion to the amounts of such claims." The company might "retain counsel, employ agents and incur expenses and obligations in the discretion of the directors." The parties having themselves thus provided for a distribution after liquidation which might indeed exhaust the fund in expenses, it seems to us clear that payment to it was not distribution among the creditors. Of course a creditor may collect his dividend by an agent, but this trustee was not an agent; the creditors had not that immediate and absolute power over the money as would result from distribution; they must sue the trustee for an accounting.

This is not only the reason of the thing but also its justice. There is no fair ground for depriving these creditors of their dividends except the annoyance and expense of recovering it from those to whom it has been once really distributed; while it remains in gross, it ought to be possible for them to get it. The analogy of the "bar orders" in the old sequestration suits in equity is a sound

one. These were unconditional on their face, but dilatory creditors were generally relieved, unless there had been a distribution; in practice, such orders came to no more than leave to the receivers to distribute. Employers' Liability Assur. Corp. v. Astoria Mahogany Co., 6 F.(2d) 945, 946 (C. C. A. 2); People of State of New York v. Hopkins, 18 F.(2d) 731, 732 (C. C. A. 2); In re Zimmermann, 66 F.(2d) 397, 399 (C. C. A. 2). Of course the law is otherwise in bankruptcy, for section 57n (11 USCA § 93 (n) is a true statute of limitation; but the pressure which the courts have felt even there is shown by the extraordinary lengths to which they have gone to lift the bar. When, however, there is no limitation, but only a faculty of distribution, we will not forfeit the rights of creditors whose money remains in situ, as it were before their very eyes. The order of April 30, 1934, was invalid and the Kayenkay Company had no right to the funds.

The order is reversed, and an order will be entered directing the Kayenkay Company to pay the dividends in question to the clerk of the district court.

SWAN, Circuit Judge (dissenting).

I am not convinced that payment to Kayenkay Corporation pursuant to the order of April 30, 1934, was not a distribution of the unclaimed dividends within the meaning of section 66b (11 USCA § 106 (b). Concededly payment to the creditors themselves would have cut off the rights of the appellants. I cannot see why payment to an agent or trustee for them should be less effective. Had the clerk of court been directed to make distribution direct to the creditors, each creditor would have received only slightly more than one-tenth of 1 per cent. of his claim. The number of creditors is said to be nearly 4,000, and the aggregate of allowed claims to be nearly $7,300,000. Under such circumstances it seems a most reasonable disposition of the fund for the court to direct that it be paid to Kayenkay Corporation to be by it paid over to the creditors on the same terms and at the same time as other moneys which it held for them. "Under the direction of the court" should be interpreted as giving the court some discretion in the method of distributing the fund to the creditors. Compare In re Smith & Co., 52 F.(2d) 212 (D. C. Neb.); In re Orona Mfg. Co., 269 F. 855 (D. C. Mass.). Payment by the clerk pursuant to the court's order definitely fixed the rights of the creditors in the sum paid to the appellee as trustee for them. At that moment, in my opinion, any previously existing rights of the appellants were terminated. I think the order should be affirmed.