## In re VAN SCHAICK et al.

District Court, S. D. New York.

Oct. 25, 1946.

Bernard Cowen, of New York City, for petitioner.

John F. X. McGohey, U. S. Atty., and Nathaniel L. Goldstein, Atty. Gen. of N. Y., for respondent.

MANDELBAUM, District Judge.

The United States Trust Company of New York as executor of the last will and testament of Charles F. Roe, a proved creditor of the above named bankrupts, having duly presented its petition to this Court wherein the Court was asked to refer the matters therein to one of the Referees of this Court as Special Master to take proof and report thereon, with particular reference to the extent of the petitioner's interest and that of any other proved creditor becoming a party to the petitioner's proceeding, to the end that an appropriate order might be made herein upon petitioner's application for the withdrawal of the fund now held in the United States Treasury to the credit of the above entitled proceeding and representing the unclaimed dividends which had arisen from the estate of said bankrupts, and the matter having been referred by the order herein of February 1946 to Hon. John E. Joyce as Special Master to take proof and report to the Court thereon, and the Special Master aforesaid having taken such proof and having made and filed his Report setting

forth as and for his Opinion and Conclusion of Law the following:

### "Opinion

 "Section 66b of the Bankruptcy Act (11 U.S.C. 106b [11 U.S.C.A. § 106, sub.b] ) provides that dividends remaining unclaimed for one year shall, under the direction of the Court, be distributed to the creditors whose claims have been allowed but not paid in full. This does not sanction payment of the fund to any creditor who seeks it or make him the owner. The rights of all creditors therein are tolled, not by lapse of time, but by a distribution in accordance with the statute. While the latter mentions 'the creditors whose claims have been allowed,' it is doubtful that it was intended to include those who had failed to claim or collect their dividends. Cf. In re Gubelman, 2 Cir., 79 F.2d 976. That case also negatives any theory that a single creditor by his diligence becomes the owner.

 "Neither 66b nor 28 U.S.C. 852 [28 U.S.C.A. § 852] alone or together establishes the petitioner's right to the entire fund. That right can only be predicated upon the presumption that the petitioner is now the only creditor whose claim was allowed. While the escheat proceeding did not go to judgment in respect of the particular bankrupt estate, obviously because the petitioner intervened as a claimant, the presumptions created by the Abandoned Property Law are applicable here. All owners and claimants were made parties. None appeared therein except the petitioner. The statutory presumptions became conclusive by the failure of the others to rebut them.

"According to the records of this Court, no person other than the petitioner has made claim within ten years to the fund now in the Treasury. True, it appears that specific sums were paid within that period out of the fund deposited by the Clerk, but it must be presumed that those payments were made upon applications for specific unclaimed dividends and that the fund now remaining has not been the subject of a demand except that of the petitioner."

### "Conclusion of Law

"The petitioner is entitled to an order, not reopening the bankrupt estate, but directing in the manner prescribed by 28 U.S.C. 852 [28 U.S.C.A. § 852] the payment to it of the aforesaid balance of $2,926.19." and the matter of passing on said Report of the Special Master and for the entry of an appropriate order on the petition and on the prayer for relief in said petition set forth and on the request of the Special Master for compensation for his services herein, having duly come on to be heard by this Court.

Now upon reading the filed papers herein, including the petition of the United States Trust Company of New York as Executor of the last will and testament of Charles F. Roe duly verified on January 29, 1946, the notice of motion dated January 29, 1946, with proof of the due service thereof, the order of reference to said Special Master dated February 27, 1946, the report and opinion of Hon. John E. Joyce as Special Master dated October 18, 1946, with the testimony and exhibits which accompanied the filing of the same, including the Certificate of the Clerk of this Court dated July 9, 1946, certifying that $4,525.40 had been remitted by said Clerk on March 6, 1933, to the Treasurer of the United States under symbol No. 3940 Certificate No. 88 of that date, as a part of a total sum of $47,935.56, and representing unclaimed dividends which had arisen out of said bankruptcy proceeding, and that orders for the withdrawal therefrom of $1,599.21 had been entered thus reducing the fund made up of the unclaimed dividends held to the credit of the above entitled proceeding to the sum of $2,926.19, and after hearing Bernard Cowen, Esq., attorney for said petitioner in behalf of the motion to confirm said Report and for the entry of a final order herein, and John F. X. McGohey, Esq., United States Attorney for the Southern District of New York, and upon reading and filing the memorandum of the Court, it is ordered

1. That the opinion and conclusion of law respectively set forth in the Report of Hon. John E. Joyce as Special Master dated October 18, 1946, be and the same

hereby are adopted as the opinion and conclusion of law, respectively, of the Court.

2. That said Report of the Special Master be and the same hereby is in all respects confirmed.

3. That the Treasurer of the United States be and he hereby is directed to pay to the United States Trust Company of New York as Executor of the last will and testament of Charles F. Roe, the aforesaid sum of $2,926.19 which remains of the sum of $4,525.40 that was remitted by the Clerk of this Court to the Treasurer of the United States to the credit of the above entitled proceeding as a part of a total sum of $47,935.56 remitted under Symbol No. 3940, Certificate No. 88, dated March 6, 1933.

4. That the petitioner, United States Trust Company of New York, as executor of the last will and testament of Charles F. Roe, pay to John E. Joyce the sum of $150 which is hereby fixed and allowed to him as compensation for his services as Special Master herein.