## UNITED STATES *v.* KLEIN, ESCHEATOR OF PENNSYLVANIA.

No. 439.   Argued February 11, 1938.—Decided February 28, 1938.

*Assistant Attorney General Whitaker,* with whom *Solicitor General Reed, Assistant Solicitor General Bell,* and *Messrs. Paul A. Sweeney,* and *Henry A. Julicher* were on the brief, for the United States.

*Mr. A. Jere Creskoff,* with whom *Mr. Albert H. Ladner, Jr.* was on the brief, for appellee.

Mr. Justice Stone delivered the opinion of the Court.

The question for decision is whether statutes of the Commonwealth of Pennsylvania, Purdon's Penn. Statutes, Tit. 27, §§ 41, 45, 282, 334, are unconstitutional because they authorize interference with a federal court and an invasion of the sovereignty of the United States, in so far as they purport to confer jurisdiction on a state tribunal to declare the escheat of moneys deposited in the registry of the federal court and later covered into the Treasury of the United States.

In a suit brought by secured bondholders in the district court for eastern Pennsylvania to compel payment of the bonds by a defendant on the ground that it had appropriated the security to itself, a decree was entered in favor of the plaintiffs and other bondholders similarly situated, with provision for notice to the latter that they file their claims in the suit. *Brown* v. *Pennsylvania Canal Co.,* 229 Fed. 444; *Pennsylvania Canal Co.* v. *Brown,* 235 Fed. 669; *Brown* v. *Pennsylvania R. Co.,* 250 Fed. 513. It appearing that certain of the bondholders had not filed their claims and could not be found, the defendant was directed by the court to pay into its registry the money due to such bondholders, which was then placed in a designated despositary of the United States, in the name and to the credit of the court, pursuant to R. S. § 995, 28 U. S. C. § 851. On June 30, 1926, the fund was deposited in the Treasury of the United States as required by R. S. § 996, 28 U. S. C., § 852, in the case of funds paid into court and unclaimed for more than five years.

In 1934 the present appellee, as Escheator of the Commonwealth of Pennsylvania, proceeding under the Penn-

sylvania statutes which authorize the escheat of moneys paid into court where the persons entitled to them have remained unknown for seven years, petitioned the district court to declare an escheat of the fund. The court dismissed the petition, without prejudice, on the grounds that appellee had not yet procured a declaration of escheat, which was deemed necessary in order to perfect the Commonwealth's title, and that the court was without jurisdiction to make such a declaration. Thereupon the Pennsylvania escheat statutes were amended, Act of June 28, 1935, P. L. 475, to confer upon the Court of Common Pleas jurisdiction to decree an escheat of moneys deposited in the custody or under the control of any court of the United States within the Commonwealth.[1]

---

[1] As amended, the statutes provide:

"Sec. 41. . . . Whenever an escheat has occurred, or shall occur, of any money or property deposited in the custody of, or under the control of, any court of the United States in and for any district within this Commonwealth, or in the custody of any depository, clerk or other officer of such court, the court of common pleas of the county in which such court of the United States sits, shall have jurisdiction to ascertain if an escheat has occurred, and to enter a judgment or decree of escheat in favor of the Commonwealth.

"Sec. 282. . . . After the owner, beneficial owner, or person entitled to any of the following named moneys or property, shall be and remain unknown, or the whereabouts thereof shall have been unknown, for the period of seven successive years, such moneys or property shall be escheatable to the Commonwealth, and shall be escheated in the manner hereinafter provided, with interest actually accrued thereon to the date of the decree for the escheat of the same, namely: . . .

"(b) Any moneys, estate, or effects paid into or deposited in any court of this Commonwealth, •or in any Federal court in and for any district within the Commonwealth, or in the custody of any officer of any such court.

"Sec. 334. That whensoever any money, estate or effects, shall have been, or shall hereafter be paid into, or deposited in the custody or be under the control of any court of this Commonwealth,. or of any court of the United States in and for any district within this

The present suit was brought by appellee in the Court of Common Pleas, No. 5, of Philadelphia County, upon a petition setting out the facts already detailed and praying a declaration that the fund had escheated to the Commonwealth. The United States appeared in the suit and moved to dismiss the petition on the ground that the state court was without jurisdiction to escheat moneys in the custody of the United States or of its courts. The order of the Court of Common Pleas granting the motion was reversed by the Supreme Court of Pennsylvania, which held that the statutes relating to escheat of funds in the custody of federal courts, conferred jurisdiction on the court to declare the escheat and was subject to no constitutional infirmity since exercise of that jurisdiction involved no interference with the federal court and no attempted control over funds in its custody. 322 Pa. 481; 192 Atl. 256.

The United States then filed an answer and upon a trial of the issues the Court of Common Pleas gave its decree declaring that the fund had escheated to the Commonwealth and that appellee had authority to claim it, and directing him to apply to the district court for an order that the moneys be paid to him as Escheator. The State Supreme Court affirmed so much of the decree as declared the escheat and authorized appellee to prosecute the claim of the Commonwealth to the moneys. 326 Pa. 260; 192 Atl. 256. From its decree of affirmance the case comes here on appeal under § 237 of the Judicial Code.

Section 996 of the Revised Statutes directs that when the right to moneys paid into federal courts has been ad-

---

Commonwealth, or shall be in the custody of any depository, registry, or of any receiver, clerk, or other officer of any of said courts, and the rightful owner or owners thereof shall have been or shall be unknown for the space of seven years, the same shall escheat to the Commonwealth, subject to all legal demands on the same."

judicated and they are unclaimed for more than five years, they shall be deposited in the Treasury of the United States, in the name of the United States. It further provides: "Any person or persons or any corporation or company entitled to any such money may, on petition to the court from which the money was received . . . and upon notice to the United States attorney and full proof of right thereto, obtain an order of court directing the payment of such money to the claimant, and the money deposited as aforesaid shall constitute and be a permanent appropriation for payments in obedience to such orders." [2]

The Government does not, in pleading or argument, set up any right, title or interest in the present fund adverse to the unknown bondholders. It does not contend that the fund has been or can be escheated to the United States. It agrees with the contention of appellee, which we accept as correctly interpreting the applicable federal statutes, that the fund remains subject to the order of the district court to be paid to the persons lawfully entitled to it upon proof of their ownership. But it insists here, as in the state courts, that the decree declaring the escheat is an unconstitutional interference with a court of the United States, an invasion of its sovereignty, and is an attempt, void under the Fourteenth Amendment, to exercise jurisdiction over the absent bondholders and

---

[2] The Permanent Appropriation Repeal Act, June 26, 1934, c. 756, 48 Stat. 1224, 1230, § 17, declares that appropriation accounts appearing on the books of the government, including "Unclaimed moneys of individuals whose whereabouts are unknown (Justice)," "are abolished, and any unobligated balances under such accounts as of June 30, 1935, shall be covered into a trust fund receipt account in the Treasury to be designated 'Unclaimed Moneys of Individuals Whose Whereabouts Are Unknown.' . . . There are authorized to be appropriated, annually, from such account such sums as may be necessary to meet any expenditures of the character now chargeable to the appropriation accounts abolished by this section. . . ."

the moneys, neither of which are shown to be within the state.

While a federal court which has taken possession of property in the exercise of the judicial power conferred upon it by the Constitution and laws of the United States is said to acquire exclusive jurisdiction, the jurisdiction is exclusive only in so far as restriction of the power of other courts is necessary for the federal court's appropriate control and disposition of the property. *Penn General Casualty Co.* v. *Pennsylvania ex rel. Schnader,* 294 U. S. 189; see *Leadville Coal Co.* v. *McCreery,* 141 U. S. 475, 477. Other courts having jurisdiction to adjudicate rights in the property do not, because the property is possessed by a federal court, lose power to render any judgment not in conflict with that court's authority to decide questions within its jurisdiction and to make effective such decisions by its control of the property. *Penn General Casualty Co.* v. *Pennsylvania ex rel. Schnader, supra;* see *Heidritter* v. *Elizabeth Oil-Cloth Co.,* 112 U. S. 294, 304; cf. *Buck* v. *Colbath,* 3 Wall. 334, 342; *Riehle* v. *Margolies,* 279 U. S. 218. Similarly a federal court may make a like adjudication with respect to property in the possession of a state court. *Yonley* v. *Lavender,* 21 Wall. 276; *Byers* v. *McAuley,* 149 U. S. 608, 620; *Security Trust Co.* v. *Black River National Bank,* 187 U. S. 211, 227; *Waterman* v. *Canal-Louisiana Bank & T. Co.,* 215 U. S. 33, 43–46; *Commonwealth Trust Co.* v. *Bradford,* 297 U. S. 613, 619; *General Baking Co.* v. *Harr,* 300 U. S. 433.

In this case jurisdiction was acquired by the district court, by reason of diversity of citizenship, to adjudicate the rights of the parties. That function performed, it now retains jurisdiction for the sole purpose of making disposition of the fund under its control, by ordering payment of it to the persons entitled as directed by the federal statute. Beyond whatever is needful and appropri-

ate to the accomplishment of that end, the jurisdiction and possession of the federal district court does not operate to curtail the power which the state may constitutionally exercise over persons and property within its territory.

The present decree for escheat of the fund is not founded on possession and does not disturb or purport to affect the Treasury's possession of the fund or the district court's authority over it. Nor could it do so. *Penn General Casualty Co.* v. *Pennsylvania, supra; United States* v. *Bank of New York & T. Co.,* 296 U. S. 463, 478. At most the decree of the state court purports to be an adjudication upon the title of the unknown claimants in the fund by a proceeding in the nature of an inquest of office as in the case of escheated lands, compare *Security Savings Bank* v. *California,* 263 U. S. 282, 287, with *Hamilton* v. *Brown,* 161 U. S. 256, 263, and to confirm the authority of appellee to make claim to the moneys. It is subordinate to every right asserted and decreed in the federal suit and effective only so far as it establishes rights derived from them. Neither the nature of the suit in the district court nor the federal statutes preclude transfer of or change in the interest of the unknown claimants, either by judicial proceedings in the state court or otherwise, pending final disposition of the fund by the federal court. Section 996 of the Revised Statutes contemplates that changes in ownership of the fund may occur, since it provides that after the right to the fund has been finally adjudicated and it has been covered into the Treasury it shall be paid over to any person entitled, upon full proof of his right to receive it.

Since the Government has not set up and does not assert any claim or interest in the fund apart from the possession acquired under the decree of the district court and the statutes of the United States, it is unnecessary to consider now the effect on the decree of the state court of the fund's absence from the state, and the absence or

nonresidence of the unknown claimants, if such is the case. All such questions will be open and may be raised and decided whenever application is made to the district court for payment over of the fund.

*Affirmed.*

MR. JUSTICE CARDOZO and MR. JUSTICE REED took no part in the consideration or decision of this case.