## THE MAICAWAY.
### No. 734.

District Court, D. Massachusetts.

March 16, 1938.

Allen T. Dresser, of Boston, Mass., for libelant.

Thos. H. Walsh, of Boston, Mass., for petitioners N. E. Marine Co. and Quincy Dry Dock & Yacht Corp.

Henry Parkman, Jr., Corp. Counsel and Robert H. Hopkins, Asst. Corp. Counsel, both of Boston, Mass., for intervener.

McLELLAN, District Judge.

This libel against twin-screw gasoline yacht Maicaway and against all persons intervening for their interests therein was filed December 18, 1937. Thereafter a warrant and monition issued directing the marshal to give notice to all persons concerned of the pendency of the libel, and this was done. The marshal was also directed to take the yacht into his custody, and this he did. Subsequently, the Maicaway was appraised at $7,500 and sold for the net amount of $10,326.65. The proceeds of the sale were then paid to the clerk of this court to be disposed of as the court directs.

The claims of the libelant for $6,297.30, of New England Marine Company for $530.53, and of Quincy Dry Dock & Yacht Corporation for $675.85, respectively, all arising out of maritime contracts, have all been allowed and paid with costs and interest.

There remains for determination the petition of the city of Boston, reciting that, on September 25, 1937, the petitioner obtained a judgment by a final decree in a suit in equity against Edmund L. Dolan in the sum of $178,072.37, and that, execution having issued, the sum of $20,544.12 remains due. It is alleged that Edmund L. Dolan is the owner of the Maicaway and the prayer of the petition is in substance that the court decree payment out of any surplus remaining after the satisfaction of maritime claims.

Upon the evidence taken at today's hearing, I find that the city of Boston is a judgment creditor of Edmund L. Dolan as alleged in the intervening petition, and that the latter, prior to the sale by the marshal, was the owner of the yacht.

The city of Boston had no interest in or lien upon the vessel. As against an owner who appeared and asserted his claim, none of the proceeds of the sale could be paid to a mere creditor. The Wabash, D.C., 296 F. 559; The Lydia A. Harvey, D.C., 84 F. 1000; The Advance, D.C., 63 F. 704; The Allianca, D.C., 65 F. 245; The

E. V. Mundy, C.C., 22 F. 173; The Daniel Kaine, D.C., 35 F. 785. But in the case at bar the owner does not appear, and the judgment creditor seeks to reach what is left of the fund after the satisfaction of all maritime claims.

There may be a change in ownership or in the right to receive a fund deposited in the registry of the court (see United States v. Klein, 58 S.Ct. 536, 82 L.Ed. ——, decided by the Supreme Court February 28, 1938), and the owner's failure to assert his claim may sometimes be regarded as an abandonment of his interest in the fund to his creditors.

Without intimating that a nonmaritime claimant is entitled to be heard in the owner's absence in opposition to claims strictly maritime, and intending to deal only with a remnant to prevent it from being indefinitely impounded in the registry of the court, I conclude, upon the authority of The Willamette Valley, D.C., 76 F. 838, and the cases there discussed, that the fund may be distributed equitably among creditors who intervene for that purpose.

It is ordered that the balance of the fund remaining after satisfaction of the maritime claims and unclaimed by the former owner of the vessel be paid to the city of Boston, the only creditor seeking it.