## In re Escheat of Funds Under Control of Federal District Court

*Albert H. Ladner, Jr., A. Jere Creskoff,* and *Michael Edelman,* for petitioner.

*Gerald A. Gleeson* and *Thomas J. Curtin,* for United States Treasury Department.

CRUMLISH, J., July 31, 1941.—

1. This petition for escheat was filed on behalf of the Commonwealth of Pennsylvania by Philip Klein, its escheator. The petition sets forth the escheator's commission and authority and the acts of assembly under which the Commonwealth claims the fund in dispute. It is further alleged that in certain bankruptcy cases in the United States District Court for the Eastern District of Pennsylvania dividends were directed to be paid to the creditors of the respective bankrupts; that certain of these dividends were not paid because the whereabouts of the persons entitled thereto were unknown; that such unpaid dividends were deposited in the registry of the Federal court as provided by act of Congress; that the moneys remained unpaid for more than five years thereafter and under another act of Congress were transferred to the credit of the Treasury of the United States; that the moneys have been unclaimed from the respective dates of distribution in each of such bankruptcy proceedings, still remain unclaimed, and the rightful owners thereof have been unknown for seven years and more; that, therefore, under the statutes of Pennsylvania the moneys have escheated to the Commonwealth; that under the acts of Congress any person, corporation, or company entitled to such money may petition the court from which the money was received and upon proof of a right thereto may obtain an order of court directing the pay-

ment of such money to petitioner; and that a decree of escheat is necessary to enable the petitioner to proceed in the Federal court to recover the moneys to which petitioner is entitled under the above facts.

The United States filed an answer to the petition on the merits and also objected to its legal sufficiency on the grounds that under the National Bankruptcy Act of July 1, 1898, 30 Stat. at L. 564, 11 U. S. C. §106, petitioner is excluded from receiving any of the moneys involved herein; that petitioner is not a person "entitled to any of such money" within the meaning of the acts of Congress referred to in the petition; that the moneys are not subject to escheat by the Commonwealth of Pennsylvania; that the statutes of Pennsylvania construed to authorize such escheat contravene the acts of Congress and are null and void; and that the courts of this State have no jurisdiction to escheat such moneys.

2. The main question presented by the petition and answer is whether or not the decision in In re Escheat of Moneys in Custody of U. S. Treasury, 322 Pa. 481 (1936), 326 Pa. 260 (1937), affirmed by the Supreme Court of the United States, sub nomine United States v. Klein, etc., 303 U. S. 276 (1938), applies to bankruptcy dividends unclaimed for more than seven years which have been deposited in the Treasury of the United States pursuant to Rev. Stat. §995, as amended by the Act of May 29, 1920, 41 Stat. at L. 654, 28 U. S. C. §851.

3. Considering first the legal objections to the petition, we have concluded that recent appellate decisions have clearly stamped the contentions of the United States herein as unsound. The present proceedings were instituted pursuant to the Act of May 2, 1889, P. L. 66, as amended by the Act of June 28, 1935, P. L. 475, 27 PS §§41, 334, which in express language provides that moneys in the registry or under the control of the Federal courts within this Commonwealth are

subject to escheat where the rightful owners thereof have been unknown for seven years, and vests jurisdiction in such cases in the courts of this Commonwealth in the county wherein the Federal court sits. The moneys involved herein were transferred from the registry of the Federal court to the Treasury of the United States in accordance with the act of Congress, supra (Rev. Stat. §996, as last amended by the Act of March 3, 1911, 36 Stat. at L. 1083, 28 U. S. C. §852), which also provides:

"Any person or persons or any corporation or company entitled to any such money may, on petition to the court from which the money was received, or its successor, and upon notice to the United States attorney and full proof of right thereto, obtain an order of court directing the payment of such money to the claimant. . . . ."

It has been recently settled that the above State statute has been properly construed to escheat funds in the registry of the Federal district court and later transferred into the Treasury of the United States, and that such escheat may be enforced under the provisions of the act of Congress quoted above and is constitutionally valid as against the objections herein raised: In re Escheat of Moneys in Custody of U. S. Treasury, supra, affirmed sub nomine United States v. Klein, supra. It was of course recognized in the above cases that the judgment of the State court merely adjudicated the title to such funds and did not affect the possession of the Treasury or the authority of the Federal court over it. But it has been held that a title so adjudicated will be recognized by the Federal court and an award of the fund based thereon: United States v. Klein, etc., 106 F. (2d) 213 (C. C. A. 3rd, 1939).

The only factual distinction between the cases cited above and the present proceeding lies in the source of the fund involved. In the above cases, the fund was paid into court by the obligor of a bond issue to pay the

principal of such issue pursuant to an order of court. The suit had been instituted by certain bondholders, and jurisdiction was based on diversity of citizenship. The fund which subsequently escheated to the State was the balance over that paid to bondholders who filed claims, and which remained unclaimed by missing bondholders. In the present case, the fund consists of unpaid dividends in bankruptcy proceedings, which creditors have failed to claim for a space of seven years. It is contended herein that the National Bankruptcy Act of July 1, 1898, 30 Stat. at L. 564, 11 U. S. C. §106, governs the disposition of such unclaimed dividends and excludes any possibility of escheat. To this we cannot agree. That act provides:

"Dividends remaining unclaimed for one year shall, under the direction of the court, be distributed to the creditors whose claims have been allowed but not paid in full, and after such claims have been paid in full the balance shall be paid to the bankrupt."

There is nothing contained in that language which will prevent the escheat of unclaimed dividends if the rightful owners are unknown. It is admitted that the bankrupt has no claim to such moneys as long as there are creditors whose claims have been allowed and not paid in full: In re Hammon, 12 Fed. Supp. 228 (N. D. Calif. 1935). After one year, creditors whose claims have been allowed but not paid in full are entitled to unclaimed dividends and thereafter become the "rightful owners" of the fund so remaining. If they in turn fail to claim this additional fund for a period of seven years, it will escheat to the State in the same manner as any other unclaimed fund in the registry of the Federal court or transferred therefrom to the Treasury of the United States. Likewise, if all creditors whose claims have been allowed are paid in full and the whereabouts of the bankrupt are unknown, the fund will escheat to the State at the end of seven years.

In the present petition, it is alleged that "the rightful owner or owners . . . [of the fund] have been un-

known for the space of seven years and more". Such allegation is necessary under our statute, supra, and if properly denied requires proof to support it: Rosenfeld's Appeal, 337 Pa. 183 (1940). This allegation was supplemented at the hearing by proof of service by publication upon such unknown owners:

". . . obviously the only possible method of service in an escheat proceeding, [it is] . . . sufficient and . . . . [does] not deny them due process. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Security Savings Bank v. California, 263 U. S. 282, 44 S. Ct. 108, 68 L. Ed. 301, 31 A. L. R. 391. Obviously an escheat proceeding may not be defeated merely because the unknown owners cannot be located": United States v. Klein, supra, p. 215 (Maris, J.).

It is also denied in the answer that the schedule of bankruptcy cases attached to the petition "accurately sets forth and truly represents the unpaid amounts in said cases." This denial is defective because it is not specific. It contains a definite admission that certain amounts are unpaid. As to them, petitioner is entitled to a decree on his petition alone without the necessity of proof. But, there is a failure to state in what manner the amounts listed as unpaid are inaccurate or what the true amounts are. By analogy to the rule in other forms of action, we think that here a respondent "To make his denial effective . . . must make that denial so clear and specific that plaintiff may forthwith obtain judgment for the amount as to which there is no real defense, and at the ensuing trial the court may know exactly what the issue is": Fulton Farmers Assn. 'v. Bomberger, 262 Pa. 43, 46 (1918); Jones et al. v. Dubuque Fire & Marine Ins. Co., 317 Pa. 144, 147 (1934); 4 Standard Pa. Practice, p. 172 et seq.

The remaining paragraphs of the answer admit the corresponding averments of the petition or contain general denials which are so clearly insufficient as to require no further discussion.

The prayers of the petition are granted. . . .