In re MacMASTERS et al.

No. 31564.

District Court, S. D. New York.

March 27, 1945.

Bernard Cowen, of New York City, for Elizabeth P. Jones, creditor-petitioner.

Nathaniel L. Goldstein, Atty. Gen., and John F. X. McGohey, U. S. Atty., of New York City (Abe Wagman, Asst. Atty. Gen., and Dolores C. Faconti, Asst. U. S. Atty., of New York City of counsel), for the People.

CAFFEY, District Judge.

This is a petition by one creditor of the bankrupts above named to reopen the estate and have any funds remaining therein distributed among the creditors who may be entitled thereto.

## I.

The bankrupts were adjudged such in 1922 and the proceeding sent to a referee of this Court. Thereafter a trustee and, later, his successor were appointed. In 1928 a first and final dividend was declared, payable to the approved creditors, and checks, in payment of these dividends, were sent the creditors entitled to them. Over two hundred of the checks were never cashed and the trustee deposited with the Clerk of this Court the sums of $33.71 on October 5, 1928, and $4,014.45 on October 27, 1930. In the succeeding years thirteen creditors presented to the court their checks aggregating $804.33, and these were paid. On January 30, 1934, $33.71 was transferred to the Treasury and on March 28, 1936, the balance of the moneys remaining in the Court, amounting to $3,-210.12, was transferred to the Treasury. Five more checks were then presented and $572.72 was paid out thereon. There is now a balance of $2,671.11 in the Treasury to the credit of this bankruptcy estate. The estate was closed in 1931.

## II.

In 1944 the People of the State of New York started proceedings in the Supreme Court, New York County, to declare these funds escheated to the People. An ex parte order was obtained from a Justice of the Supreme Court providing for notice by publication to the owners and claimants of

this fund. The only answer filed in response to the publication was by the Clerk of this Court, who raised no material issues. The time to answer in the State proceedings has run and the petitioners have not sought to answer. However, no judgment has been entered therein, because of the pendency of this motion.

### III.

The People of the State of New York oppose the pending motion to reopen the estate and distribute the funds remaining on hand. They assign three grounds of opposition. These are as follows:

(1) The moneys on deposit in the Treasury of the United States have escheated to and are now the property of the People of the State of New York.

(2) Since the moneys are now and since 1936 have been on deposit in the Treasury of the United States, this Court has no power to effect the distribution sought by the petitioners. It can only direct payment to those creditors who had originally failed to cash their dividend checks or those claiming under or through the same creditors.

(3) Even if the power be lodged in this Court now to effect the distribution sought by the petitioner, this Court should, in the exercise of its discretion, deny the relief prayed for by the petitioner.

### IV.

█ The first ground is clearly untenable. The People of the State of New York have no title to the abandoned moneys until there has been an adjudication of escheat by the State Court, Klein v. Brodbeck, D.C., E.D.Pa., 15 F.Supp. 473, 474 second column; 28 U.S.C.A. §§ 851 and 852; McKinney's Consolidated Laws, book 2-½, New York Abandoned Property Law, secs. 1202 and 1210. See United States v. Klein, 303 U.S. 276, 281, 282, 58 S.Ct. 536, 82 L.Ed. 840.

There has been no such judgment entered on the moneys involved. The ex parte order obtained in the State Supreme Court was not a judgment of escheat. The underlined portion of the order submitted in the affidavit by the Assistant Attorney General merely repeats the statutory presumption of abandonment. Abandoned Property Law, sec. 1201. This presumption is rebuttable by competent evidence in accordance with the terms of that section. Therefore, the funds have not yet escheated to the People of the State of New York. The petitioner may be a claimant entitled to some of the funds (Abandoned Property Law, sec. 1204) and this motion may be evidence that she has not abandoned her right in the fund.

### V.

█ The second ground of objection, that this Court has no power to order a distribution of funds on deposit with the Treasury, is equally untenable. The moneys were deposited in the Treasury after having laid with the Clerk of this Court unclaimed for five years in accordance with the provisions of 28 U.S.C.A. § 852. Included in the terms of that section are these: "Any person * * * may, on petition to the court from which the money was received, * * * and upon notice to the United States attorney and full proof of right thereto, obtain an order of court directing the payment of such money to the claimant * * *."

It follows that this Court has full power to order payment of any of the funds from this bankruptcy estate deposited in the Treasury. The only requirements for payment are a petition, notice to the United States Attorney and full proof of right to the money. The petition has been presented. Notice has been given to the United States Attorney. All that is lacking is opportunity for full proof of right to the funds; and this the Court may provide.

Before these funds were sent to the Treasury, and after they were with the Clerk of this Court for one year unclaimed, the petitioner had a right to them under Section 66, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 106, sub. b. Nothing in 28 U.S.C.A. 852 has cut off that right. On the contrary, the statute expressly provides that she may collect some of them on "full proof of right thereto."

### VI.

█ The third ground of objection asserted by the People of the State of New York, that there is discretion in this Court with regard to the distribution, is also lacking in merit. The distribution which the petitioner seeks, if granted, is to be made under Section 66, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 106, sub. b. This section includes a clause as follows: "Dividends remaining unclaimed for one year shall, under the direction of the court, be distributed to the creditors whose claims have been allowed but not paid in full, and after such claims have been paid in full the

balance shall be paid to the bankrupt * * *."

The statute quoted is mandatory in requiring the distribution therein described. This results from use of the word "shall" and leaves no discretion in the Court. It is under the provisions of this section that this Court is to determine whether the petitioner has a right to the moneys from the estate now being held. See Louisville & N. R. Co. v. Robin, 5 Cir., 135 F.2d 704, 706. The present procedure for the distribution of the unclaimed moneys is one which is apparently approved by the Circuit Court of Appeals for this Circuit. In re Gubelman, 2 Cir., 79 F.2d 976, 977.

Motion granted. Settle order on notice.