## In re BISHOP et al.
### Civil Action No. 1131.

District Court, D. New Jersey.
June 20, 1947.

---

[1] 47 Stat. 70, 73, 29 U.S.C.A. § 113.

200

Nichols & Belford, of New York City, for petitioners.

**MEANEY, District Judge.**

Petitioners herein are creditors of the bankrupts and seek by this motion an order directing that the balance of unclaimed dividends be distributed and paid over pro rata, to them. One of the said petitioners, Bank of Montreal, is an original creditor, each of the remaining four is a successor in interest to four original creditors.

The original bankruptcy was filed herein on or about February 4, 1875, and the bankrupts were adjudged such on or about February 16, 1875. Thereafter, a first dividend at the rate of 10% was declared on or about December 8, 1884, and on March 8, 1916, a second and final dividend was declared at the rate of 12.3405%.

Certain of the creditors were not paid their dividends, nor was claim made for them. On May 8, 1925, pursuant to Section 66, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 106, sub. a, the trustee deposited such unclaimed dividends with the clerk of this Court, who subsequently on September 23, 1931, deposited them with the treasurer of the United States, pursuant to the provisions of 28 U.S.C.A. § 851.

None of the petitioners' claims have been paid in full, and they now seek to have the unclaimed dividends paid to them pro rata to apply to the balance due on their respective claims. No opposition has appeared to the application. The requirements for payment as set forth in In re MacMasters et al., D. C., 60 F.Supp. 733, appear to have been met and the right of the petitioners to apply at this date is found under Section 66, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 106, sub. b.*

In the course of oral argument, it was represented to the Court that every effort was made to serve notice on all parties interested, who could be traced. This, however, does not appear to be a necessary prerequisite to determination.

 The section of the statute referred to, is mandatory upon the Court upon proper proofs. In view of the period of time elapsed since the final dividend, these petitioners, having moved for a pro rata distribution are entitled to have their motion granted. The dilatory creditor who has not moved has no grounds for complaint.

Accordingly, the motion is granted.

An order may be entered directing that unclaimed dividends herein be distributed and paid over pro rata to the petitioners to apply on account of their respective claims.

---

* 11 U.S.C.A. § 106, sub. b: "Dividends remaining unclaimed for one year shall, under the direction of the court, be distributed to the creditors whose claims have been allowed but not paid in full, and after such claims have been paid in full the balance shall be paid to the bankrupt: Provided, That, in case unclaimed dividends belong to minors, such minors may have one year after arriving at majority to claim such dividends."