In the Matter of MONEYS DEPOSITED IN AND NOW UNDER THE CONTROL OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, Escheated to the Commonwealth of Pennsylvania.

Civ. A. No. 11522.

United States District Court
W. D. Pennsylvania.

Aug. 15, 1955.

Harry M. Jones, Pittsburgh, Pa., Michael Edelman, Philadelphia, Pa., for petitioner.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for the United States.

JOHN L. MILLER, District Judge.

This is a motion for summary judgment filed on behalf of the United States on the ground that the pleadings show that the United States is entitled to judgment as a matter of law.

The following facts appear from the petition of the Escheator of the Commonwealth of Pennsylvania: Certain funds which were deposited in and under the control of this court, consisting of dividends in bankruptcy cases and in equity proceedings, have been and remain unclaimed, and the rightful owners thereof have been unknown, for seven years or more. These funds have escheated to the Commonwealth of Pennsylvania under Pennsylvania law. On June 16, 1953, the Court of Common Pleas of Allegheny County decreed that the funds here involved have escheated to the Commonwealth of Pennsylvania, and authorized the petitioner herein to make application to this court for an order directing that upon verification of the amounts escheated and deduction of all costs and payments made prior to June 16, 1953, by order of this court, payment of the moneys so verified, less any fees to which the clerk of this court may be entitled, and subject to all demands on the same and without prejudice to any claim thereto by the United States, be made to the petitioner herein for and on behalf of the Commonwealth of Pennsylvania. Notice of the intended presentation of the

petition as required by federal statute was given to the United States Attorney.

The Pennsylvania Act of May 2, 1889, P.L. 66, § 2, as amended by Act of June 28, 1935, P.L. 475, § 1, 27 P.S. § 334, provides:

"That whensoever any money, estate or effects, shall have been, or shall hereafter be paid into, or deposited in the custody or be under the control of any court of this Commonwealth, or of any court of the United States in and for any district within this Commonwealth, or shall be in the custody of any depository, registry, or of any receiver, clerk or other officer of any of said courts, and the rightful owner or owners thereof shall have been or shall be unknown for the space of seven years, the same shall escheat to the Commonwealth, subject to all legal demands on the same."

The Pennsylvania act, supra, § 5, as amended, 27 P.S. § 41, further provides:

"That the jurisdiction in all cases of escheat under the provisions of this act, shall be vested in the courts of this Commonwealth, as follows, namely:

\*　　\*　　\*　　\*　　\* ,　\*

"(c) Whenever an escheat has occurred, or shall occur, of any money or property deposited in the custody of, or under the control of, any court of the United States in and for any district within this Commonwealth, or in the custody of any depository, clerk or other officer of such court, the court of common pleas of the county in which such court of the United States sits, shall have jurisdiction to ascertain if an escheat has occurred, and to enter a judgment or decree of escheat in favor of the Commonwealth."

28 U.S.C.A. § 2042 provides:

"No money deposited shall be withdrawn except by order of court.

"In every case in which the right to withdraw money deposited in court has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him."

The government's argument is concerned only with the unclaimed bankruptcy funds, and not with the dividends in equity cases. The government's contention is that, by virtue of federal law, the Commonwealth of Pennsylvania has no power to escheat unclaimed bankruptcy funds deposited in the registry of this court.

Section 66 of the Bankruptcy Act, 30 Stat. 564 (1898), as amended, 11 U.S.C.A. § 106, provides:

"a. Dividends or other moneys which remain unclaimed for sixty days after the final dividend has been declared and distributed shall be paid by the trustee into the court of bankruptcy; and at the same time the trustee shall file with the clerk a list of the names and post-office addresses, as far as known, of the persons entitled thereto, showing the respective amounts payable to them.

"b. Dividends remaining unclaimed for one year shall, under the direction of the court, be distributed to the creditors whose claims have been allowed but not paid in full, and after such claims have been paid in full the balance shall be paid to the bankrupt \* \* \*."

■ Petitioner does not dispute the government's contention that any conflict between the state escheat law and the federal Bankruptcy Act must be resolved in favor of the latter. Cf. Brown v. Gerdes, 1944, 321 U.S. 178, 64 S.Ct. 487, 88 L.Ed. 659; Marine Harbor Properties, Inc., v. Manufacturers Trust Co., 317 U.S. 78, 63 S.Ct. 93, 87 L.Ed. 64, re-

hearing denied 1942, 317 U.S. 710, 63 S.Ct. 254, 87 L.Ed. 566; Isaacs v. Hobbs Tie & Timber Co., 1931, 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645; International Shoe Co. v. Pinkus, 1929, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318.

However, no such conflict appears. It is true that the Bankruptcy Act, supra, contemplates the payment of all the bankruptcy funds to designated classes of claimants, not including the Commonwealth of Pennsylvania and not including the United States. But here, according to the petition, the rightful claimants cannot be paid. The Bankruptcy Act makes no provision for this situation, but the Pennsylvania escheat law does, and the latter statute is not unconstitutional. United States v. Klein, 1938, 303 U.S. 276, 58 S.Ct. 536, 82 L.Ed. 840. It is interesting, although not here relevant, to note that a bill which would except unclaimed bankruptcy funds from the state escheat laws has been introduced, 84th Cong., 1st Sess., H.R. 6247.

The United States does not claim the authority to claim the bankruptcy funds on behalf of the claimants designated in the Bankruptcy Act, and the United States makes no claim of right to the fund under an escheat theory or any similar theory. Cf. In re Escheat of Monies, 3 Cir., 1951, 187 F.2d 131. This situation is similar to that of United States v. Klein, supra, 303 U.S. at page 280, 58 S.Ct. at page 538:

"The Government does not, in pleading or argument, set up any right, title or interest in the present fund adverse to the unknown bondholders. It does not contend that the fund has been or can be escheated to the United States. It agrees with the contention of appellee, which we accept as correctly interpreting the applicable federal statutes, that the fund remains subject to the order of the district court to be paid to the persons lawfully entitled to it upon proof of their ownership."

This case does not involve a dispute between the bankrupts or their creditors and the state. The claims of the bankrupts or their creditors are not asserted here, as they were in the cases upon which the government relies: In re Thompson's Estate, 3 Cir., 1951, 192 F.2d 451; In re Searles, 2 Cir., 1948, 166 F.2d 475, 4 A.L.R.2d 1431; In re MacMasters, D.C.S.D.N.Y.1945, 60 F.Supp. 733. See also Corn Exchange Bank Trust Co. v. Empire Trust Co., 2 Cir., 1953, 206 F.2d 30; In re Vulcan & Reiter Co., D.C.S.D. N.Y.1948, 80 F.Supp. 286.

On authority of United States v. Klein, supra at 303 U.S. 276, 58 S.Ct. 536, and United States v. Klein, 3 Cir., 106 F.2d 213, certiorari denied, 1939, 308 U.S. 618, 60 S.Ct. 295, 84 L.Ed. 517, the motion for summary judgment must be denied. See also Pennsylvania R. R. v. United States, 3 Cir., 1938, 98 F.2d 893.

An appropriate order is entered.