**Miriam R. KOLLER, Plaintiff,**

v.

**RICHMOND INDUSTRIAL LOAN & THRIFT et al., Defendants.**

**Civ. A. No. 75–0254–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Dec. 18, 1975.

Rodney M. Poole, Poole & Poole, Richmond, Va., for plaintiff.

Frederick T. Gray, Williams, Mullen & Christian, Chesterfield, Va., William R. Cawthorn, Wicker & White, C. Grice McMullan, Jr., Ott, Morchower, Thompson & McMullan, Scott H. Swan, Richmond, Va., for defendants.

MEMORANDUM

MERHIGE, District Judge.

Plaintiff, holder of a subordinated debenture note of now insolvent Richmond Industrial Loan and Thrift, brings this action under federal securities laws to redress an alleged fraud perpetrated upon plaintiff in the purchase of this note. Defendants are Richmond Industrial Loan and Thrift, certain of its former officers, directors and employees,

and the two receivers who were appointed by the Circuit Court of Chesterfield County, Virginia, on January 3, 1974 to preserve the assets of Richmond Industrial. Jurisdiction is invoked pursuant to 15 U.S.C. § 77v and 15 U.S.C. § 78aa. The matter comes before the Court on defendants', Marshall, Stallard (receivers) and Richmond Industrial Loan and Thrift, motion for this Court to abstain from exercising jurisdiction over this case because the corporation is in receivership in the circuit court of Chesterfield County, Virginia.

The complaint alleges that the individual defendants who controlled Richmond Industrial Loan and Thrift prior to it being placed in receivership made certain communications through the newspapers, mail, radio and television in order to induce plaintiff to invest in a savings plan. Plaintiff visited a local office of Richmond Industrial and purchased what was represented to be a certificate of deposit for $10,000 with a 7 percent annual yield. Plaintiff later discovered that she had instead purchased one Richmond Industrial Loan and Thrift Subordinated Debenture Note. Plaintiff contends defendants' communications and representations omitted to state certain material facts necessary in order to make the statement, in light of the circumstances under which they were made, not misleading and therefore a violation of 15 U.S.C. §§ 77*l*, 77q. Plaintiff further contends that the facts outlined above established a violation of Rule X–10b–5 promulgated under 15 U.S.C. § 78j. 17 C.F.R. § 240.10B–5. Plaintiff seeks damages of $10,000, with interest from January, 1974.

■ Defendants admit that this action does not fit into any of the traditional categories of cases in which abstention has been deemed appropriate. *See Harris County Commissioner's Court v. Moore,* 420 U.S. 77, 95 S.Ct. 870, 43 L.Ed.2d 32, 43 U.S.L.W. 422 (1975); *Wohl v. Keene,* 476 F.2d 171 (4th Cir. 1973); *Martin v. State Farm Mutual Auto Ins. Co.,* 375 F.2d 720 (4th Cir. 1967). Defendants claim abstention is appropriate, however, because of the prior receivership action commenced in state court. It is true that where state and federal courts seek to entertain *in rem* proceedings involving the same property, the Court which first assumes jurisdiction over the property may maintain jurisdiction to the exclusion of the other. *Kline v. Burke Construction Co.,* 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922); *Penn General Casualty Co. v. Pennsylvania,* 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850 (1935). *See generally* 1A Moore's Federal Practice P. 10.214 (2d ed. 1974). In the instant case, however, plaintiff is attempting to impose joint and several liability against defendants and therefore is invoking *in personam* jurisdiction. It is well settled that a federal court may exercise *in personam* jurisdiction in litigation concerning rights in property in the possession of another court so long as the judgment does not conflict with that latter court's authority to decide questions relating to control of that property. *United States v. Klein,* 303 U.S. 276, 58 S.Ct. 536, 82 L.Ed. 840 (1938); *Signal Properties, Inc. v. Farha,* 482 F.2d 1136 (5th Cir. 1973); *Purcell v. Summers,* 126 F.2d 390 (4th Cir.) *cert. denied,* 317 U.S. 640, 63 S.Ct. 32, 87 L.Ed. 516 (1942). This Court agrees with Judge Turk, who, in refusing to abstain in a similar action, stated:

"[t]he rights which the plaintiffs are here asserting are not the subject of the state receivership proceeding, and this court is of the opinion that the abstention doctrines have no application to this situation." *Mills v. Roanoke Industrial Loan & Thrift,* 70 F.R.D. 448 (W.D.Va.1975).

An appropriate Order will issue.