In the Matter of BERRY ESTATES, INC., et al., Appellants, v VICTOR MARRERO, as Commissioner of the State of New York Division of Housing and Community Renewal, et al., Respondents. THE PEOPLE OF THE STATE OF NEW YORK ex rel. OFFICE OF RENT ADMINISTRATION, DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, v BERRY ESTATES, INC., et al., Appellants.—In (1) a proceeding pursuant to CPLR article 78 to review the establishment under the Emergency Tenant Protection Act (ETPA) (L 1974, ch 576, § 4) of initial legal regulated rents affecting property owned by the appellants and (2) an action to restrain alleged violations of the ETPA by the appellants, the appeals are from (1) a judgment of the Supreme Court, Rockland County, dated October 18, 1979, which dismissed the petition in the article 78 proceeding and (2) an order of the same court, also dated October 18, 1979, which denied appellants' cross motion to dismiss the injunction action and granted plaintiff's motion for a preliminary injunction. Judgment reversed, on the law, without costs or disbursements, the proceeding is converted into an action for a declaratory judgment, the petition is deemed the complaint and the time for respondents therein to serve an answer is extended until 20 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof. Order modified, on the law, by deleting the second decretal paragraph thereof and substituting therefor a provision granting the preliminary injunction to the following extent only: each of the defendants is directed to deposit with the

Clerk of the Supreme Court, Rockland County, any rents collected in excess of the applicable legal regulated rents herein, to be held in escrow by said clerk during the pendency of the injunction action; in the event that the defendants prevail in the injunction action, said clerk shall pay the funds held in escrow to the defendants; in the event that the plaintiff prevails, the funds held in escrow shall be returned to the tenants from whom they were collected, in such manner as shall be prescribed by Special Term in the final judgment. In the event that the defendants shall fail to deposit any such excess rents into court as directed herein, and upon the plaintiff's application to Special Term, a full preliminary injunction against the collection of rents in excess of the legal regulated limit shall issue. As so modified, order affirmed, without costs or disbursements. Appellants' time to answer the complaint in the injunction action is extended until 20 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof. Respondents conceded at oral argument that conversion of the article 78 proceeding into a declaratory judgment action is proper (see CPLR 103, subd [c]). In our opinion, the potential for irreparable loss to appellants of legally collectible rents during the pendency of the injunction action requires modification of the order to the extent indicated. Hopkins, J. P., Damiani, Titone and Martuscello, JJ., concur. [101 Misc 2d 297.]