**In re ALAN WOOD STEEL COMPANY, Debtor.**

**Bankruptcy No. 77–930EG.**

United States Bankruptcy Court, E. D. Pennsylvania.

Aug. 13, 1980.

See also D.C., 437 F.Supp. 949, Bkrtcy., 2 B.R. 161, D.C., 449 F.Supp. 165.

Fell, Spalding, Goff & Rubin, Sklar, Pearl, Lichtenstein & Sklar, Philadelphia, Pa., co-counsel for the Creditors' Committee.

Adelman & Lavine, Philadelphia, Pa., for the receiver.

James G. Sheehan, John S. Estey, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for debtor.

L. Rex Bickley, Legal Bureau, Commonwealth of Pennsylvania, Dept. of Revenue, Harrisburg, Pa., for Commonwealth of Pennsylvania.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before the court is whether the proof of claim of the Commonwealth of Pennsylvania for escheatable wages and dividends should be allowed. We conclude that such a claim should be disallowed because, according to Pennsylvania law, title to the escheatable funds does not vest in the Commonwealth and, therefore, the Commonwealth has no basis for its proof of claim.

The facts of the instant case are as follows:[1] On June 10, 1977, Alan Wood Steel Company ("Alan Wood") filed a petition for an arrangement under Chapter XI of the Bankruptcy Act ("the Act").[2] Prior to that time, on April 15, 1977, Alan Wood had filed a report of unclaimed moneys and property with the Pennsylvania Department of Revenue as required by Title 27 of the Pennsylvania Statutes ("Title 27").[3] That report indicated that the sum of $497.27 in wages and dividends had been owing to and unclaimed by certain named persons for longer than the seven years specified in Title 27.[4] Pursuant to Title 27, the Department of Revenue, on November 17, 1977, requested payment from Alan Wood of the $497.27 as escheated funds.[5] Since Alan Wood had filed its petition for an arrangement in the interim, the receivers for Alan Wood suggested to the Department of Revenue that it file a proof of claim. This the Department did, whereupon the receivers filed an objection contending that, since escheat is not an assignment of the rightful owners' interest in the escheated property, the Commonwealth had no provable claim.

The Commonwealth gave us no help in researching the issues of law which are involved since it neither appeared at the hearing on the trustee's objections nor filed a brief. Our own research has failed to uncover any case law directly on point. All of the cases which we have found that deal with escheat in bankruptcy cases involve claims of a state for escheatable funds which remain unclaimed after the final distribution of an estate. That issue has been settled by the 1956 amendment to Section 66 of the Act which now provides that funds remaining unclaimed after the final distribution of an estate are not subject to escheat by a state.[6]

The case before us is different in that it does not involve a situation where the state is claiming that the funds became escheated after the final distribution of the estate.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. While the Act has been superseded by the Bankruptcy Code as of October 1, 1979, its provisions still govern petitions filed before that date. The Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, § 403, 92 Stat. 2683 (1978).

3. Pa.Stat.Ann. tit. 27, § 1–12 (Purdon Cum. Supp. 1980–81).

4. *See id.* at §§ 1–7 & 1–11.

5. *Id.* at § 1–14. That section provides that every person holding abandoned and unclaimed property shall pay or deliver that property to the Commonwealth within sixty days of the receipt of a written demand therefor.

6. *See* 11 U.S.C. § 106.

Here, the Commonwealth is claiming that the funds escheated prior to the filing of the petition for an arrangement and, therefore, that the Commonwealth may file a proof of claim for those funds.

■ We believe that the answer to the Commonwealth's assertion in this case is found in the nature of escheat as derived from the common law and as defined in Pennsylvania statutory law. As stated by the United States Court of Appeals for the Third Circuit in *In re Thompson's Estate*,[7] escheat is derived from feudal practice and:

> [E]scheat is not an assignment or anything fairly comparable to an assignment. . . . We use it to signify a reversion of property to the state in consequence of a want of any individual competent to inherit. In other words, escheat is not succession or assignment. It is the action of the state stepping in and claiming property where the human beings who would otherwise own it have died or disappeared and where, if the state did not claim it, the lack of a lawful owner would be an invitation to self-service of first comers.[8]

Thus, escheat is not an assignment to the Commonwealth of the rightful owners' interest in the escheated property. Nor is escheat by the Commonwealth necessary to prevent "self-service by first comers" where the estate is in bankruptcy proceedings. Since in that case the estate is under the jurisdiction of the bankruptcy court, an orderly distribution of its property is possible. Also, since the Act authorizes distribution only to those who file proofs of claim,[9] it would be against the policy of the Act to reserve funds for those who have not filed.

■ Further, under the present Pennsylvania law of escheats, Title 27, the Commonwealth does not acquire any interest in escheated property which would allow it to file a proof of claim therefor.[10] Title 27 states that property which is "abandoned and unclaimed" is merely "subject to the custody and control of the Commonwealth."[11] That statute contemplates that "abandoned and unclaimed" property will be delivered to the Commonwealth which will hold it for the rightful owners. However, the Commonwealth does not, simply by its right to claim escheatable funds, acquire any interest or title in those funds.

We conclude, therefore, that the Commonwealth does not have a sufficient basis for its proof of claim. The Commonwealth does not have title to or any claim of ownership to the funds in question nor does it represent the interests of the rightful owners thereto (since escheat is not an assignment or succession). The mere fact that the funds are subject to the custody and control of the Commonwealth is not a basis for a proof of claim. We will, thus, disallow the Commonwealth's proof of claim for escheated wages and dividends.

---

7. 192 F.2d 451 (3d Cir. 1951). In that case, the Commonwealth of Pennsylvania sought to share in the distribution of money remaining unclaimed after the final distribution of the bankruptcy estate. As stated above, such a case has been settled by the 1956 amendment to section 66 of the Act. *See* note 6 and accompanying text *supra*.

8. *Id.* at 453.

9. *See* 11 U.S.C. § 93.

10. Section 57 of the Act states that a proof of claim must be signed by a creditor. 11 U.S.C. § 93a. Section 1(11) defines creditor as one "who *owns* a debt, demand, or claim provable in bankruptcy, and may include his duly authorized agent, attorney, or proxy." 11 U.S.C. § 1(11) (emphasis added).

11. Pa.Stat.Ann. tit. 27, § 1–3 (Purdon Cum. Supp. 1980–81).