**In re BERRY ESTATES, INC., Debtor.**

**No. 83 B 20284.**

United States District Court,
S.D. New York.

June 4, 1985.

Barr & Faerber, Spring Valley, N.Y., for Berry Estates, Inc.; Harvey S. Barr and Joseph J. Haspel, Spring Valley, N.Y., of counsel.

Robert Abrams, Atty. Gen., State of N.Y., New York City, for Comptroller of State of N.Y.; David C. Cook, Lawrence Alexander and Albert K. Lawler, New York City, of counsel.

**HOWARD SCHWARTZBERG, Bankruptcy Judge.**

The State of New York, Division of Housing and Community Renewal (the "State") has moved for an order allowing its claim in the amount of $324,446.67, plus interest as a valid claim against the debtor's estate. The debtor has countered by objecting to the State's claim on the ground that there is no authority to support the claim because the State is not a creditor and that only tenants and former tenants of the debtor may properly assert any claim to the funds in question. The dispute involves funds collected by the debtor as a landlord from its tenants allegedly in excess of the legal regulated rent under the Emergency Tenant Protection Act of 1974. As a result of a lawsuit commenced by the State, the funds were ordered by the New York Supreme Court, Appellate Division, to be deposited by the debtor with the County Clerk of Rockland County, New York. In the event that the funds in question were ultimately found to be "excess rents" they will be paid to the tenants and former tenants from the escrow account.

The debtor contends that it need not comply with the Appellate Division's order, dated December 7, 1982, which directed the debtor to pay the Rockland County Clerk the amounts collected in excess of the legal regulated rent because any such excess rents should be claimed by the tenants and not the State. Additionally, the debtor contends that the distribution of the funds is determined under bankruptcy law so that any unclaimed funds would revert to the debtor and not escheat to the State.

## FACTS

The basic facts are not in dispute. The debtor, Berry Estates, Inc., filed with this court a voluntary petition under Chapter 11 of the Bankruptcy Code on June 1, 1983. The debtor's sixth amended Chapter 11 plan was eventually confirmed by an order of this court dated October 24, 1984. The debtor is the owner of a 287 unit garden apartment complex in Spring Valley, New York, which is subject to the New York Emergency Tenant Protection Act of 1974, as amended (the "ETPA"). Pursuant to Section 3(a) of ETPA, where the vacancy rate for a town or village is less than five percent, such local government may declare that a public emergency exists and impose rent controls on the local landlords.

In September of 1974, the Village of Spring Valley adopted a resolution implementing rent controls pursuant to the ETPA. The state courts thereafter ruled that the Village's computation with respect to the five percent vacancy rate was defective. In December of 1978, the Village adopted another resolution, again establishing rent controls in accordance with the ETPA. The debtor contested the adoption of the 1978 resolution. On March 19, 1984, the Appellate Division of the New York Supreme Court for the Second Department held that the 1978 resolution was valid. Numerous state court actions involving various phases of the dispute between the debtor and the State were commenced with respect to the debtor's right to collect from its tenants rent in excess of the ETPA guidelines. The debtor also requested injunctive relief in the United States District Court, Southern District of New York and a declaration that Section 6 of the ETPA violates the due process and equal protection clauses of the United States Constitution. On March 2, 1983, District Judge Haight dismissed the debtor's complaint on the ground that the extensive history of state litigation related to the dispute between the debtor and the State militated in favor of abstention, especially because of the existence of a pending state proceeding in which the debtor was fully able to raise the constitutional challenge to the statute.

During the course of the litigation between the debtor and the State, the latter moved for an accounting by the debtor in the Appellate Division, Second Department, requiring the debtor to state the legal regulated rent for each tenant and to return all improperly retained "excess rents" to the tenants. On December 7, 1982, the Appellate Division granted the State's motion and:

ORDERED that the motion is hereby granted.

Appellants are directed to submit to respondents a monthly listing from October 1978 to the present of each subject apartment covered by those orders, the names of the tenants in possession, the length of the lease term, the presently collectible rent, the legal regulated rent, the differential between the legal regulated rent and the presently collectible rent.

Appellants are further directed to pay the Rockland County Clerk all sums collected in excess of the legal regulated rent not previously placed in escrow as required by the Appellate Division orders or to return same to the tenants.

The Appellate Division's escrow order was patterned after an earlier Appellate Division order in March of 1980 in consolidated actions involving the New York State Division of Housing and Community Renewal and various landlords, including the debtor. 74 A.D.2d 871, 426 N.Y.S.2d 47 (2nd Dep't 1980). The pertinent language provided:

Order modified, on the law, by deleting the second decretal paragraph thereof and substituting therefor a provision granting the preliminary injunction to the following extent only: each of the defendants is directed to deposit with the Clerk of the Supreme Court, Rockland County, any rents collected in excess of the applicable legal regulated rents herein, to be held in escrow by said Clerk during the pendency of the injunction action; in the event that the defendants prevail in the injunction action, said Clerk shall pay the funds held in escrow to the defendants; in the event that the plaintiff prevails, the funds held in escrow shall be returned to the tenants from whom they were collected, in such manner as shall be prescribed by Special Term in the final judgment. In the event that the defendants shall fail to deposit any such excess rents into court as directed herein, and upon the plaintiff's application to Special Term, a full prelim-inary injunction against the collection of rents in excess of the legal regulated limit shall issue. As so modified, order affirmed, without costs or disbursements.

On June 1, 1983, when the debtor filed its Chapter 11 petition with this court, it became a debtor in possession pursuant to 11 U.S.C. § 1107 and was authorized to operate its business pursuant to 11 U.S.C. § 1108. A previously appointed receiver in a state court mortgage foreclosure action was required to discontinue the administration of the debtor's property and was directed to return control to the debtor pursuant to 11 U.S.C. § 543. The debtor obtained a temporary restraining order from this court which permitted the debtor to charge its tenants the amount of rent that the State court allowed the receiver to collect on June 23, 1983. The state commenced a motion to modify the temporary restraining order so as to limit the debtors to collecting the legal regulated rent in accordance with the ETPA and to comply with the accounting required by the Appellate Division on December 7, 1982. By order dated August 19, 1983, this court modified the June 1, 1983 order to the extent that the debtor was permitted to collect only the legal regulated rent from its tenants.

By order dated April 27, 1984, this court fixed June 15, 1984 as the bar date pursuant to Bankruptcy Rule 3003(c)(3), for the filing of proofs of claim against this estate. On June 15, 1984, the State filed its proof of claim for the excess rents collected by the debtor but not deposited with the County Clerk of Rockland County, as required by various state court orders, including the December 7, 1982 order of the Appellate Division, Second Department. The State's proof of claim is for the amounts allegedly overcharged those tenants of the debtor who failed to file a proof of claim. The debtor contends that the excess rents at-

tributable to the tenants and former tenants who did not file timely proofs of claim should revert to the debtor.

## DISCUSSION

Underlying the debtor's position is the contention that its tenants and former tenants, who are the persons to be protected under the various state court escrow orders, including the December 7, 1982 escrow order of the New York Supreme Court, Appellate Division, Second Department, are fully protected under the debtor's confirmed plan of reorganization. Thus, the tenants and former tenants should be entitled to receive one hundred cents on the dollar, plus interest on their allowed claims if the ETPA excessive rent controversy is finally resolved in the State's favor. Accordingly, the debtor maintains that the State's duties to protect the funds to be deposited by the debtor in escrow with the Rockland County Clerk were preempted by the filing of the Chapter 11 petition and, therefore, the State's enforcement powers were superseded by the distribution provisions under the Bankruptcy Code. Continuing with this position, the debtor reasons that those tenants and former tenants who failed to file a claim by June 15, 1984, which was the last day fixed by the court's bar order pursuant to Bankruptcy Rule 3003, are now precluded from pursuing their claims with respect to any excess rent funds, with the result that any such unclaimed funds revert back to the debtor pursuant to 11 U.S.C. § 347(b).[1]

The State asserts that the debtor should not be allowed to profit from its own wrongdoing and keep the excess rents collected in violation of state court escrow orders by using the Bankruptcy Code as a sword so as to be able to do what no other landlord in Spring Valley is able to do,

simply because the debtor filed a Chapter 11 petition.

The debtor contends that the constitutionality of the ETPA law must await a final determination by the New York Court of Appeals. The State argues that there is no appeal as to this issue pending in the New York Court of Appeals. If the debtor is correct and its position as to the invalidity of the ETPA requirements is ultimately sustained, the excess rents which the Appellate Division ordered the debtor to deposit in escrow with the Rockland County Clerk will be returned to the debtor. Conversely, if the State is correct and the debtor's liability for excess rents is established with finality, the debtor's tenants and former tenants will be entitled to the escrow funds. Nevertheless, the debtor would like to keep any excess rents not claimed by its tenants or former tenants who failed to file timely proofs of claim in this Chapter 11 case. Whether or not the debtor may retain the unclaimed excess rent if it does not succeed in reversing the Appellate Division's ruling in favor of the constitutionality of the ETPA law hinges upon the status of the State's claim in this case.

Had the State not filed a timely proof of claim it could not assert any interest in the unclaimed excess rent funds on the theory that such unclaimed funds escheat to the State. *Corn Exchange Bank Trust Co. v. Empire Trust Co.*, 206 F.2d 30, 33 (2d Cir.1953); *In re Thompson's Estate*, 192 F.2d 451, 453 (3rd Cir.1951); *In re Alan Wood Steel Co.*, 5 B.R. 620, 622 (Bkrtcy.E. D.Pa.1980). Absent a timely proof of claim, any undistributed funds would revert to the debtor pursuant to 11 U.S.C. § 347(b). Accordingly, the basic issue in this case is whether or not the State may file a proof of claim on behalf of the debtor's tenants and former tenants who have

---

1. § 347. Unclaimed property.

    \*    \*    \*    \*    \*    \*

  (b) Any security, money, or other property remaining unclaimed at the expiration of the time allowed in a case under chapter 9 or 11 of this title for the presentation of a security or the performance of any other act as a

condition to participation in the distribution under any plan confirmed under section 943(b), 1129, or 1173 of this title, as the case may be, becomes the property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be.

not filed their own proofs of claim for the excess rents.

The State's right to file a proof of claim requires a determination that it is a creditor as defined in 11 U.S.C. § 101(9)(A):

(9) "creditor" means—

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor.

The term entity is defined in 11 U.S.C. § 101(14) to include a governmental unit. Therefore, consideration must be given to whether the New York State Division of Housing and Community Renewal, which is a governmental unit, has a claim against the debtor. Pursuant to 11 U.S.C. § 101(4) a claim means:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

In *Ohio v. Kovacs*, 469 U.S. ——, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985), a debtor's obligation under an injunction obtained by the State of Ohio requiring the debtor, as an executive officer of a corporation, to clean up a hazardous waste site was held to be a liability on a claim subject to discharge under the Bankruptcy Code. The Supreme Court concluded that Ohio's right to performance under the state court injunction constituted a claim as defined in 11 U.S.C. § 101(4) notwithstanding that the right to performance did not arise from a contractual arrangement. The Supreme Court pointed out that the cleanup order had been converted into an obligation to pay money, which obligation was dischargeable in bankruptcy. Similarly, in *Nathanson v. NLRB*, 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952), which involved the more restrictive term "debt" under § 63(a)(4) of the now

repealed Bankruptcy Act, the Supreme Court held that the National Labor Relations Board was a creditor as respects a back pay award in favor of the debtor's employees, stating:

We think the Board is a creditor as respects the back pay awards, within the meaning of the Bankruptcy Act. The Board is the public agent chosen by Congress to enforce the National Labor Relations Act. A back pay order is a reparation order designed to vindicate the public policy of the statute by making the employees whole for losses suffered on account of an unfair labor practice. Congress has made the Board the only party entitled to enforce the Act. A back pay order is a command to pay an amount owed the Board as agent for the injured employees. The Board is therefore a claimant in the amount of the back pay.

344 U.S. at 27, 73 S.Ct. at 82 (footnote and citations omitted). A pilots' association was regarded as holding a right to payment under a collective bargaining agreement so as to qualify as a member of an unsecured creditors' committee in *In re Altair Airlines, Inc.*, 727 F.2d 88, 90–91 (3rd Cir.1984), notwithstanding that the unpaid wages in question were due to individual members of the association.

In the instant case, the State, through its Division of Housing and Community Renewal, is specifically authorized under state law to enforce the ETPA and to entertain complaints from tenants for overcharged rents.

In addition to issuing the specific orders provided for by other provisions of this act, the state division of housing and community renewal shall be empowered to enforce this act and its regulations by issuing, upon notice and a reasonable opportunity for the affected party to be heard, such other orders as it may deem appropriate.

N.Y.Unconsol.Laws § 8632(2) (McKinney Supp.1984–1985). The enforcement authority also includes the right to sue to prevent landlords from collecting excessive rents.

Violations of this act or of the regulations and orders issued pursuant thereto may be enjoined by the supreme court upon proceedings commenced by the state division of housing and community renewal or the tenant or tenants who allege they have been overcharged. The division shall not be required to post bond.

N.Y.Unconsol.Laws § 8632(5) (McKinney Supp.1984–1985). Thus, unlike the situation in *In re Cannon,* 741 F.2d 1139 (8th Cir.1984), which the debtor cites in support of the proposition that the State may not be a creditor because it was held that the Missouri Attorney General may not sue on behalf of eight specific individuals who were entitled to restitution for violations of the Merchandising Practices Act, the New York State Division of Housing and Community Renewal is empowered to commence actions in the New York Supreme Court to prevent violations of the ETPA law. Indeed, this governmental unit is the only entity authorized under state law to recover excess rents collected by New York landlords in violation of the ETPA. As such, it is entitled to the status of a creditor, as defined in 11 U.S.C. § 101(9)(A), holding a claim within the meaning of 11 U.S.C. § 101(4).

That the State may file a claim for the benefit of the debtor's tenants and former tenants who did not file their own proofs of claim before the bar date of June 15, 1984, does not mean that the State may keep any unclaimed excess rents as a penalty for the debtor's violation of the ETPA or that any unclaimed funds should escheat to the State. Nowhere among the provisions of ETPA is there any authority for the excess rents being paid to anyone other than to the tenants from whom the excess rents were collected. Accordingly, in order to ensure the debtor's compliance with ETPA in the context of the requirement under 11 U.S.C. § 347(b) that unclaimed funds should revert to the debtor, the debtor should deposit the excess rents required under the orders of the New York Supreme Court, Appellate Division, with the office of the United States trustee for the Southern District of New York, to be held in an interest-bearing account. The State shall make every effort to locate and notify the debtor's tenants and former tenants that they may file individual proofs of claim in the Bankruptcy Court with respect to any excess rents to which they believe they are entitled. Such claims should be filed by tenants and former tenants no later than June 15, 1986. This period affords the State ample time to locate the tenants for whose benefit the State filed its proof of claim and to allow such tenants an opportunity to claim a refund. Any unclaimed funds remaining on hand after June 15, 1986 shall revert to the debtor pursuant to 11 U.S.C. § 347(b).

In view of the fact the debtor disputes the State's calculations as to the amount of the claim for excess rents, the parties shall notify the court as to a mutually agreeable date for a hearing at which time the debtor may submit its proof in opposition to the amount claimed by the State.

## CONCLUSIONS OF LAW

1. The state has a claim against the debtor within the meaning of 11 U.S.C. § 101(4) and is a creditor as defined in 11 U.S.C. § 101(9)(A).

2. As a creditor, the State may file a proof of claim on behalf of the debtor's tenants and former tenants who have not filed their own proofs of claim for the excess rents under the New York Emergency Tenant Protection Act of 1974, as amended.

3. The debtor should deposit the excess rents underlying the State's claim with the office of the United States trustee for the Southern District of New York, which funds shall be held in an interest-bearing account.

4. The debtor's tenants and former tenants may file proofs of claim for the excess rents included under the State's claim by June 15, 1986, after which time, any unclaimed funds remaining on hand shall revert to the debtor pursuant to 11 U.S.C. § 347(b).

A further hearing shall be held so as to afford the debtor an opportunity to contest the State's calculations as to the precise amount of the excess rents covered by its claim.

SETTLE ORDER on notice in accordance with the foregoing determination.