The **STATE OF ARKANSAS,** et al., Appellants,

v.

**FEDERATED DEPARTMENT STORES, INC. and Allied Stores Corporation,** et al., Appellees.

No. C–1–92–195.

United States District Court, S.D. Ohio, Eastern Division.

Oct. 20, 1992.

David Epstein, Unclaimed Property Clearinghouse, Boston, MA, Bernard Nash, Dickstein, Shapiro & Morin, Washington, DC, for appellants.

August L. Fietkau, Office of the Atty. Gen., New York City, for Office of Comptroller of State of N.Y.

Maryann Baker Gall, Jones, Day, Reavis & Pogue, Columbus, OH, Frederick Jaeger McGavran, Frost & Jacobs, Cincinnati, OH, David G. Heiman, Jones, Day, Reavis & Pogue, Cleveland, OH, for Federated Dept. Stores, Inc.

Bondholders Official Committee of Bondholders of Allied Stores Corporation, Coudert Bros., Lawrence C. Gottlieb, Siegel, Sommers & Schwartz, New York City, for Unsecured Creditors Official Committee of Unsecured Creditors of Allied Stores Corporation.

Lewis S. Rosenbloom, Winston & Strawn, Chicago, IL, for Unsecured Creditors Official Committee of Unsecured Creditors of Federated Department Stores, Inc.

Peter A. Ivanick, LeBeouf, Lamb, Leiby & MacRae, New York City, for Pre–Merger Bond Official Committee of the Pre–Merger Bondholders of Federated Department Stores, Inc.

Lawrence R. Handlesman, Stroock, Stroock & Lavan, New York City, for Bondholders Official Committee of Bondholders of Federated Department Stores, Inc.

Ellen R. Werther, Coudert Bros., New York City, for Bondholders of Official Committee of Bondholders of Allied Stores Corp.

*OPINION AND ORDER*

GRAHAM, District Judge.

The States of Arkansas, Colorado, Connecticut, Delaware, Idaho, Illinois, Indiana, Iowa, Maine, Missouri, Montana, New Jersey, New York, North Carolina, North Dakota, Pennsylvania, Utah and Washington (collectively, "States") appeal from a bankruptcy court order granting the Debtors' objection to the States' proofs of claim under the States' abandoned property laws. The central issue in this case is whether the bankruptcy court erred in concluding that certain provisions of the Bankruptcy Code preempt the States' abandoned property laws. This Court has appellate jurisdiction in this case under 28 U.S.C. § 158(a).

*I*

Federated Department Stores, Inc., Allied Stores Corporation, and their respective subsidiaries (collectively, "Debtors") filed their petitions for reorganization under Chapter 11 of the Bankruptcy Code on January 15, 1990. In their Schedule of Assets and Liabilities, the Debtors listed as undisputed obligations all uncashed employee paychecks, all uncashed checks to vendors, all uncashed dividend checks to shareholders, and all unclaimed credit balances in customer charge accounts. Included among these were uncashed checks and credit balances that the Debtors reported as unclaimed property to several of the States on November 1, 1989. The Debtors scheduled all untendered shares of stock from the Campeau Corporation acquisitions as disputed obligations.[1]

The States timely filed proofs of claim for all property that was presumed abandoned before the filing of Debtors' petitions by operation of the States' respective abandoned property laws. The States also claimed any property that became presumptively abandoned between the time of the filing of the bankruptcy petition and the confirmation of the Debtors' reorganization plan.

The Debtors objected to the States' proofs of claim on the grounds that the claims were preempted by the Bankruptcy Code and conflicted with the bankruptcy court's order establishing a bar date for the filing of such claims. The parties undertook limited discovery concerning the Debtors' treatment and reporting of unclaimed property, and the States' practices with respect to unclaimed property. The bankruptcy court conducted a hearing on the Debtors' objection on October 24, 1991. The bankruptcy court issued an order on January 8, 1992 granting the Debtors' objection on the basis of preemption.

The bankruptcy court held that the States' abandoned property laws were preempted because they conflicted with the Bankruptcy Code in three respects. First, the bankruptcy court concluded that the abandoned property laws conflicted with 11 U.S.C. § 1111(a) and Bankr.R. 3003(c)(2), which require, *inter alia*, the timely filing of proofs of claim. Bankruptcy court order at 5. In this regard, the bankruptcy court opined that if the States' claims were allowed the unclaimed funds would no longer be available for distribution to other creditors who diligently filed proofs of claim. Bankruptcy court order at 5–6. Second, the bankruptcy court held that the abandoned property laws conflicted with 11 U.S.C. § 347(b), which provides that the proceeds of unpresented distribution checks revert to the debtor. The bankruptcy court indicated that allowing the States' claims would effectively defeat the purpose of § 347(b)—to exempt unpresented distribution checks from state escheat laws. Bankruptcy court order at 7–8. Third, the bankruptcy court stated that the States' abandoned property laws conflicted with 11 U.S.C. § 1123(a)(4) which requires debtors to treat creditors in the same class equally. The bankruptcy court stated that the varying state procedures for returning abandoned property to missing owners resulted in unequal distribution in violation of § 1123(a)(4). Bankruptcy court order at 8.

The bankruptcy court also rejected the States' argument that the "wrongdoing" ex-

---

1. In the course of Campeau Corporation's acquisition of Federated Department Stores, Inc. in 1988, and Allied Stores Corporation in 1986, the shareholders of the two purchased companies were required to turn in their stock certificates as a condition to receiving payment for their shares. Some shareholders did not turn in their stock certificates.

ception to the preemption doctrine should be applied in this case. The bankruptcy court concluded that the wrongdoing exception applies only when such wrongdoing has been previously adjudicated and when no other creditors have claims against the debtor. Bankruptcy court order at 8–11.

The bankruptcy court also gave an additional reason for rejecting the States' claims for property presumed to have been abandoned between the time of the filing of the bankruptcy petition and the confirmation of the Debtors' plan for reorganization. The bankruptcy court held that with respect to such claims, the States were not "creditors" of property pursuant to 11 U.S.C. § 101(10)(A). The bankruptcy court reasoned that the States were not creditors within the meaning of the Bankruptcy Code because their claims for such property arose only after the date of the petition. Bankruptcy court order at 12.

The bankruptcy court also stated that the States' abandoned property laws would serve to confuse the bankruptcy distribution process. Lastly, the bankruptcy court commented that it was "hard pressed to muster much sympathy for those persons who are the 'rightful' owners of abandoned property" in light of the notice of the bankruptcy given to creditors through extensive national publication in numerous major newspapers. Bankruptcy court order at 13.

The States now appeal from the bankruptcy court's January 8, 1992 order. 135 B.R. 973. After receiving the parties' briefs, this Court heard oral argument in this case on July 17, 1992.

## II

The instant appeal concerns the bankruptcy court's conclusions of law. The bankruptcy court's conclusions of law are subject to *de novo* review by this Court on appeal. *In re Caldwell*, 851 F.2d 852, 857 (6th Cir.1988).

## III

The central question presented in this appeal is whether the bankruptcy court erred in concluding that the Bankruptcy Code

preempts the States' abandoned property laws.

The preemption doctrine has its origins in the Supremacy Clause of the U.S. Constitution, Article VI, Section 2, which provides as follows: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land." The United States Supreme Court has identified six situations in which the preemption doctrine applies:

1. when Congress, in enacting a federal statute, expresses a clear intent to preempt state law;

2. when there is outright or actual conflict between federal and state law;

3. where compliance with both federal and state law is in effect physically impossible;

4. where there is implicit in federal law a barrier to state regulation;

5. where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the states to supplement federal law; and

6. where the state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress.

*Louisiana Public Service Commission v. F.C.C.*, 476 U.S. 355, 368–69, 106 S.Ct. 1890, 1898, 90 L.Ed.2d 369 (1986).

Historically, courts have held various types of federal legislation to have preempted state abandoned property laws. *See, e.g., United States v. Oregon*, 366 U.S. 643, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961) (federal statutes relating to intestate veterans who die without heirs in a Veterans Administration hospital preempted state unclaimed property laws); *Blue Cross & Blue Shield v. Department of Banking*, 791 F.2d 1501 (11th Cir.1986) (federal government's health benefits contract specifying that unclaimed federal health benefits be credited to the special reserve of the benefit plan preempted state unclaimed property laws); *Alabama v. Bowsher*, 734 F.Supp. 525 (D.D.C.1990), *aff'd.*, 935 F.2d 332 (D.C.Cir.1991) (federal statute directing that

unclaimed funds are to be held by the U.S. Treasury preempted state unclaimed property laws). In all of these cases, the applicable federal law dictated the specific manner in which the property was to be distributed.

On the other hand, the U.S. Supreme Court has held that federal banking statutes do not preempt state unclaimed property laws for custodial takings of unclaimed accounts from solvent national banks. *Anderson National Bank v. Luckett,* 321 U.S. 233, 64 S.Ct. 599, 88 L.Ed. 692 (1944); *cf., Roth v. Delano,* 338 U.S. 226, 70 S.Ct. 22, 94 L.Ed. 13 (1949) (stating in dicta that state unclaimed property claims would be preempted if such claims interfered or conflicted with the orderly liquidation of a national bank). At least one federal court of appeals has held that the indirect economic and administrative effects that state abandoned property laws may have on an employee benefit plan are not substantial enough to give rise to preemption by ERISA. *Aetna Life Ins. Co. v. Borges,* 869 F.2d 142, 147–48 (2nd Cir.), *cert. denied,* 493 U.S. 811, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989).

■ One of the overarching principles this Court must take into account in determining whether the States' abandoned property laws are preempted by the Bankruptcy Code is that "Congress has generally left the determination of property rights and the assets of a bankrupt's estate to state law." *Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979).

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analysed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a state serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving a windfall merely by reason of happenstance of bankruptcy.

*Id.* at 55, 99 S.Ct. at 918 (quote omitted).

With these principles in mind, this Court will proceed to examine the bankruptcy court's conclusion that the Bankruptcy Code preempts the States' abandoned property laws.

*A*

■ This Court will first address the conclusion of the bankruptcy court that the States' abandoned property laws conflict with 11 U.S.C. § 1111(a) and Bankr.R. 3003(c). Section 1111(a) states:

> A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated.

Bankr.R. 3003(c) provides in pertinent part as follows:

> Filing proof of claim
>
> (2) Who must file
>
> Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.
>
> (3) Time for filing
>
> The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. Notwithstanding the expiration of such time, a proof of claim may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (c)(3), and (c)(4).

The Debtors argue that the States' abandoned property laws would eviscerate the Bankruptcy Code requirement that creditors with unscheduled or disputed claims must file a proof of claim by a specific date or their claims will be disallowed. The Debtors maintain that creditors who failed to do so would nevertheless be able to recover their property from the States, without any time limitation, if the States were allowed to claim this property for them by filing a proof of claim under their abandoned property laws.

The States contend that the purpose of § 1111(a) and Rule 3003(c) is to establish

finality for debtors so that they, and all other interested parties, may engage in the reorganization process with full knowledge of all the claims that must be addressed. The States maintain that this objective was fully satisfied in this case when they timely filed their own proofs of claim under their respective abandoned property laws. The States aver that enabling owners to recover their property from the States at some later time does not change the financial obligations of the Debtors or interfere with the plan of reorganization.

■■■ The Court fails to detect any actual or outright conflict between the States' abandoned property laws and § 1111(a) or Rule 3003(c). Significantly, the States' abandoned property laws do not conflict or interfere with the objective of fixing the Debtors' financial obligations by an established date so that a plan of reorganization may be adopted. Rather, the requirements of § 1111(a) and Rule 3003(c) were met here when the States timely filed their proofs of claim under their abandoned property laws. It is the States who have the claims, and are therefore entitled to file proofs of claims, by virtue of their abandoned property laws. In this vein, the States are entitled to create and define property rights through such laws. *Butner*, 440 U.S. at 54–55, 99 S.Ct. at 917–918. That others may later seek the property from the States does not thwart any significant purpose of § 1111(a) or Rule 3003(c).

■■■ The Court rejects the argument that the States' claims are preempted because it is somehow "unfair" to allow owners of abandoned property to obtain it, without having themselves filed proofs of claim, at the expense of other creditors who timely filed proofs of claim. The Court fails to detect any such "unfairness." Extensive publication notwithstanding, it appears that at least some of the subject property may have remained unclaimed through no fault or lack of diligence on the part of the rightful owners. It appears that in many cases property may have remained unclaimed as a result of unavoidable flaws in the Debtors' records, such as typographical errors in lists

of creditors' addresses. To disallow the States' claims in these circumstances would result in a windfall to the other creditors. There is nothing manifestly unfair in allowing the States, through their abandoned property laws, to step in and protect the rights of the owners of abandoned property. It is beyond dispute that the promulgation of laws creating and defining property rights is uniquely within the ambit of the States' powers. The Court cannot deem such laws preempted where, as here, there is no outright or actual conflict with the operation or purposes of § 1111(a) or Rule 3003(c).

The bankruptcy court relied primarily on two decisions in concluding that the States' abandoned property laws were preempted by § 1111(a) and Rule 3003(c). *See In re Thomson McKinnon Securities, Inc.*, 125 B.R. 88 (Bankr.S.D.N.Y.1991); *In re Alan Wood Steel Co.*, 5 B.R. 620 (Bankr.E.D.Penn.1980). The court in *Thomson McKinnon* addressed the question whether a state's proof of claim for unclaimed property should be allowed in a Chapter 11 bankruptcy proceeding. Even though the court found that the state was a creditor within the meaning of the Code, it held that the state's claim was in direct conflict with the distribution scheme established under the Federal Bankruptcy laws by 11 U.S.C. § 347(b). The court reasoned that allowance of the claims would permit barred claim holders to satisfy claims at the expense of other allowed claims.[2] The court stated that "Congress clearly expressed its intention that any remaining unclaimed funds after the Chapter 11 bar date should revert to the debtor and may be applied under the debtor's plan for the benefit of the timely filed claims. This point was expressed in 11 U.S.C. § 347(b)." *Id.* at 92–93.

■■■ The reasoning of the court in *Thomson McKinnon* is unpersuasive. 11 U.S.C. § 347(b) states only that any unclaimed property from a distribution under a confirmed plan becomes property of the debtor. Section 347(b) does not apply to funds that remain unclaimed because creditors failed to file proofs of claim before the bar date established by the bankruptcy court. On the contrary, § 1111(a) and Rule 3003(c) specifically

2. This is, of course, the same argument advanced by the Debtors in this case.

address this situation by disallowing a creditor's claims that are unscheduled or scheduled as disputed if the creditor fails to submit a proof of claim by the established bar date.

Section 347(b) does not evidence any intent by Congress to preempt the States' claims. In enacting § 347(b), Congress overruled prior judicial precedent that allowed states to escheat unclaimed funds issued as part of a final distribution of an estate pursuant to a confirmed plan of reorganization. In the instant case, however, the States do not seek to escheat any portion of a final distribution. Section 347(b) is simply inapplicable.[3] The reasoning of *Thomson McKinnon* is flawed, and this Court declines to follow it.

The other case on which the bankruptcy court relied was *Alan Wood Steel.* The court in *Alan Wood Steel* disallowed a state escheat law claim because it found that title to the escheatable funds did not vest in the state under the state's statute. The *Alan Wood Steel* court found that unclaimed property in the particular state was subject only to the state's custody and control. Because the Bankruptcy Act then defined a creditor as one "who owns a debt," the court held that the state, under its abandoned property law, was not a creditor. 5 B.R. at 622 n. 10.

■ The current Bankruptcy Code broadly defines a "creditor" as an "entity that has a claim against the debtor that arose at the time or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). A "claim" is defined as a:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

11 U.S.C. § 101(5). Hence, under the current, broader provisions of the Bankruptcy Code, and under the subject abandoned property laws, the States qualify as creditors at least with respect to their pre-petition claims. The holding of *Alan Wood Steel* is inapposite. Any dicta in *Alan Wood Steel* reflecting the sentiments expressed by the court in *Thomson McKinnon* is, for reasons already discussed, rejected as unpersuasive.

For the foregoing reasons, the Court holds that the bankruptcy court erred in concluding that the States' abandoned property laws are preempted because they conflict with 11 U.S.C. § 1111(a) and Bankruptcy Rule 3003(c).

*B*

■ The Court will next examine the bankruptcy court's conclusion that the States' unclaimed property laws conflict with 11 U.S.C. § 347(b). Section 347(b) states as follows:

Any security, money, or other property remaining unclaimed at the expiration of the time allowed in a case under chapter 9 or 11 of this title for the presentation of a security or the performance of any other act as a condition to participation in the distribution under any plan confirmed under section 943(b), 1129, or 1173 of this title, as the case may be, becomes the property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be.

The Debtors conclude that allowing a pre-petition claim for abandoned property would indirectly defeat § 347(b) by effectively converting what would otherwise be unclaimed distribution checks paid under a plan of reorganization payable to the debtors into valid pre-petition claims payable to the States.

The States contend that their claims do not conflict with § 347(b). They point out that if they failed within five years to cash a distribution check sent by the Debtors, the funds would then revert to the Debtors under § 347(b). The States argue that once they cash a distribution check § 347(b) is no longer applicable. They further argue that what an allowed creditor does with a final distribution it has cashed or negotiated is in no way impacted by § 347(b) or any other provision within the Bankruptcy Code. The States note also that Congress was aware of the States' abandoned property laws when it enacted § 66(A) of the Bankruptcy Act, yet remained silent concerning the States' claims of property that became abandoned prior to

---

**3.** *See discussion Section IIIB, infra.*

final distribution. The States aver that this provides evidence of a lack of intent on the part of Congress to preempt the States' claims to pre-petition property presumed abandoned.

Before the 1956 amendment to § 66 of the Bankruptcy Act, the unclaimed funds from a final distribution of a bankruptcy estate were escheatable by the states. In *United States v. Klein*, 303 U.S. 276, 58 S.Ct. 536, 82 L.Ed. 840 (1938), the court held that a state could seize abandoned deposits which were transferred to the United States Treasury from a court registry. This ruling allowed states, under their escheat statutes, to seize unclaimed funds from a final distribution of a bankrupt estate that were transferred to the United States Treasury. Congress, however, enacted an amendment to § 66 in 1956 specifically to overrule *Klein*. *See Alan Wood Steel*, 5 B.R. at 621. The history of § 66 of the Bankruptcy Act is relevant because

> § 347 is derived from Section 66 of the Bankruptcy Act but incorporates significant procedural changes with regard to the treatment of unclaimed property. The section serves a very useful purpose in enabling trustees to close out estates completely and finally, and concentrates unclaimed funds in the hands of the court instead of scattering them among many trustees.

2 *Collier on Bankruptcy* ¶ 347.02 at pp. 347–10 to 347–11.

The States' unclaimed property laws do not conflict with 11 U.S.C. § 347(b). In enacting § 347(b), Congress specifically intended to overrule prior judicial precedent that allowed states to escheat unclaimed funds issued as part of final distribution of an estate pursuant to a court-confirmed plan of reorganization. Here, the States do not seek to escheat unclaimed final distribution checks. Rather, they assert claims on their own rights granted under their respective abandoned property laws. A § 347(b) issue would not arise until one of the states failed to cash its distribution check within the five year deadline. In any event, the mere existence of the States' claims does not, in and of

itself, implicate § 347(b). There is no evidence that Congress intended § 347(b) to foreclose claims based upon the kind of state abandoned property laws at issue in the instant case, and the Court fails to detect that these laws conflict with or thwart any significant purpose served by § 347(b). In particular, it cannot be properly said that the States' abandoned property laws interfere with the purpose of enabling trustees (or debtors in possession) to close out their estates completely and finally. For these reasons, the Court holds that the bankruptcy court erred in concluding that the States' abandoned property laws are preempted by 11 U.S.C. § 347(b).

## C

The Court will next turn to the bankruptcy court's conclusion that the States' abandoned property laws conflict with 11 U.S.C. § 1123(a)(4). Section 1123(a)(4) provides:

> (a) A plan [of reorganization] shall—
>
> .    .    .    .    .
>
> (4) provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest;

The bankruptcy court concluded, and the Debtors argue, that the States' unclaimed property laws conflict with § 1123(a)(4) because the States' laws provide for different distribution methods which will result in similarly situated creditors being treated unequally.[4]

The States contend that § 1123(a)(4) places an obligation only on the Debtors to not treat creditors in the same class differently. The States point out that they, as creditors, would not be treated any differently than creditors in the same class if their claims are allowed. They further argue that § 1123(a)(4) does not place any obligation on them as creditors to distribute the funds they receive in any particular way. In other words, the States aver that § 1123(a)(4) does not place any limits on them as to what they

4. For example, some of the States' laws allow owners to recover interest on the property for the period it was held by the state, while others do not provide for such interest.

may do with any distribution they receive from the Debtors or to whom they may distribute it.

The Court holds that the States' abandoned property laws do not conflict with § 1123(a)(4). Under § 1123(a)(4), the Debtors have an obligation only to treat the States the same as other creditors in the same class. Section 1123(a)(4) does not purport to place any limitations on creditors as to how funds may be distributed after the creditors receive them. Thus, any distribution the States may make to claimants under their respective abandoned property laws is of no consequence insofar as § 1123(a)(4) is concerned. The bankruptcy court erred in concluding that the States' abandoned property laws conflict with 11 U.S.C. § 1123(a)(4).

Based on the foregoing, the Court holds that the bankruptcy court erred in concluding that the States' abandoned property laws are preempted by provisions of the Bankruptcy Code. This Court concludes that Congress did not intend to preempt such State laws. The States' abandoned property laws do not interfere with the operation of bankruptcy or reorganization proceedings, or thwart any significant purpose of the Bankruptcy Code. The States' claims will not interfere with the Debtors' reorganization in this case. At most, allowing the States' claims will result in a reduced distribution to other creditors in the same class. Many state laws result in a reduced distribution to creditors, but are not for this reason preempted.[5] Indeed, the Bankruptcy Code contemplates and in some respects depends upon the operation of state law, and in particular state law defining property interests. For reasons previously stated, the Court is unpersuaded by the notion that it would be "unfair" to allow creditors who fail to file proofs of claim to later recover property under state abandoned property laws. If anything, to disallow the States' claims would result in a windfall to the other creditors.[6]

## IV

The bankruptcy court also disallowed the States' claims for property presumed abandoned after the date of the filing of the petition but before the confirmation of the plan for reorganization. The Debtors argue that this conclusion of the bankruptcy court was correct because, under 11 U.S.C. § 101(10)(A) the States are not creditors with respect to their claims for property abandoned post-petition. The States contend that their claims are "contingent" claims that did arise before the filing of the petition. They argue that until the dormancy period lapses, they have a contingent interest in the unclaimed property because their respective abandoned property statutes entitle them to possession of the property, if it has remained unclaimed for the specified dormancy.

The current Bankruptcy Code defines "creditor" as an "entity that has a claim against the debtor that *arose at the time of or before the order for relief concerning the debtor.*" 11 U.S.C. § 101(10)(A) (emphasis added). A "claim" is defined as "right to payment, whether or not such right is reduced to judgment" or "contingent." 11 U.S.C. § 101(5)(A). The States are not creditors with respect to property presumed abandoned post-petition because the Debtors do not have a legal obligation to turn the property over under the States' unclaimed property statutes until the dormancy period expires. The bankruptcy court did not err in disallowing the States' claims for property presumed abandoned post-petition.

## V

In conclusion, the Court holds that the bankruptcy court erred in concluding that the States' abandoned property laws are preempted by the provisions of the Bankruptcy Code. The Court further holds, how-

---

5. For example, state laws pertaining to the perfection of security interests result in reduced distribution to creditors who fail to comply with them.

6. In any event, whether the States' abandoned property laws represent the very best or most fair method of dealing with unclaimed property is

not particularly relevant to the preemption analysis. The issue is not whether this Court or any other court likes or approves of these laws; rather, the question is whether the States' laws actually conflict or interfere in a significant way with the operation or purposes of federal law.

934

ever, that the bankruptcy court correctly disallowed the States' claims for property presumed abandoned post-petition. The decision of the bankruptcy court is affirmed in part, reversed in part, and remanded with instructions to conduct further proceedings consistent with this opinion and order.

It is so ORDERED.